[No. 20650.  Department One.  June 27, 1927.]

CHARLES V. ASPINWALL et al., Appellants, v. ELLA H.
ALLEN et al., Respondents.[1]

[1] ADVERSE POSSESSION (28)—COLOR OF TITLE—DEED FROM STATE.
Under Rem. Comp. Stat., § 786, providing that actions for the
recovery of land in the open, notorious possession of another
for seven successive years having a connected title from the
state or United States, title is acquired of lands described by
metes and bounds in a state deed, slightly overlapping a prior
Federal grant, where possession was taken, the lands inclosed
in a fence, improvements made, and the possession continuously
maintained for more than seven years.

Appeal from judgments of the superior court for
Thurston county, Wright, J., entered September 10,
1924, and April 1, 1926, upon findings in favor of the
respondents, in an action to quiet title, tried to the
court.  Affirmed.

E. N. Steele, for appellants.

Troy & Yantis and Thos. L. O'Leary, for respondents.

MAIN, J.—The parties to this action are rival claimants to two small tracts of land.  The plaintiff asserts
ownership of both tracts.  The defendants Zaza F.
Simmons and wife and James F. Simmons and wife
claimed title to one and Ella H. Allen, in her own right
and as administratrix of the estate of C. N. Allen, deceased, the other.  The trial was to the court without
a jury, and the defendants prevailed.  Separate judgments were entered, from both of which the plaintiffs
appeal.

[1]  We will first consider the Simmons case and,
in this connection, Zaza F. Simmons and James F.
Simmons will be referred to as though they were the

[1]Reported in 257 Pac. 631.

only parties respondent. On August 26, 1901, the respondents received a deed from the state to the tide land in front of lot 4, section 1, township 18 north, range 3 west, in Thurston county. The description was by metes and bounds. On March 2, 1903, the appellants acquired title to lot 4 above mentioned through mesne conveyances from the Federal government dating back December 20, 1864. The description in the deed received by the respondents from the state overlapped that contained in the appellants' deed to some extent.

During the year 1902, the respondents went into possession of the part of the land which was covered by both deeds. During this year, they did a little clearing, planted a garden and did some work filling in on the beach. Thereafter and in the year 1903, they had a preliminary survey made of the land covered by their deed. In 1903, they built a house and barn and later a chicken house, smoke house and also planted cherry and apple trees. Around the clearing and the buildings, they constructed a fence, within the inclosure of which was 75/100ths of an acre of ground. After the house was built, the parents of the respondents and the younger children occupied it until approximately eight years before the trial of the action. The respondent Zaza F. Simmons, until he married in 1903, made his home upon the property with the other members of the family. After his marriage, he and his wife were at the home from time to time, and at all times had some articles of furniture therein. About eight years prior to the trial, Zaza F. Simmons acquired another tract of land nearby and his parents moved to that. Thereafter the property was occupied from time to time by persons under authority of the respondents. In 1911, the father of the respondents, C. C. Simmons, at the request of the appellants, ex-

ecuted a lease covering the property. The respondents continuously paid taxes upon the property described in their deed as did the appellants upon the property mentioned in their deed.

The question is whether the respondents have acquired title to the 75/100ths of an acre by adverse possession. Section 786, Rem. Comp. Stat. [P. C. § 7536], in part provides:

"All actions brought for the recovery of any lands, tenements or hereditaments of which any person may be possessed by actual, open and notorious possession for seven successive years, having a connected title in law or equity deducible of record from this state or the United States, . . . shall be brought within seven years next after possession being taken as aforesaid, . . ."

In the present case, the respondents had title deducible of record from this state, and in *Grays Harbor Commercial Co. v. McCulloch*, 113 Wash. 203, 193 Pac. 709, it was held that, even though a deed from the state does not convey a valid title, it nevertheless constitutes "claim and color of title."

In the brief of the appellants, considerable reliance seems to be placed upon the fact that, in the year 1911, the father of the respondents, who was then in the possession of the property, executed a lease of the same to the appellants. This, however, is entirely immaterial, because, prior to the giving of the lease, more than seven years had elapsed since the respondents went into possession of the property under a deed from the state.

The appellants do not question but that the property was occupied for a sufficient length of time and improved in a way that title would ripen, had the possession been adverse, but claim that, during the year 1908, they took possession and thereby arrested the running of the statute. The evidence will not sustain a holding

that the appellants took possession of the property in 1908 and continued thereafter to possess it. They made no effort to disturb the possession of those then occupying the land, and when the evidence is all considered, it shows convincingly that the possession was in no manner disturbed. The possession of C. C. Simmons and his family, being under authority from the respondents, would be equivalent to their possession, if it should be assumed that the possession of Zaza Simmons and the articles of furniture which he and his wife continuously kept there were not sufficient in themselves to constitute adverse possession. The mere fact that it is stated by one witness that possession was taken in 1908 does not overcome the probative effect of the other evidence. This is a much stronger case of adverse possession than was that of the *Grays Harbor Commercial Co. v. McCulloch, supra,* where the right was sustained.

As to the case of Ella H. Allen in her own right and as the administratrix of the estate of C. N. Allen, deceased, the situation is very much the same. The Allen property joins the Simmons property on the northeast. There was an overlapping description there, as in the other case. The Allens acquired title on December 11, 1905; soon thereafter, C. N. Allen, the husband of Ella H. Allen, went into possession, did some clearing, built a house and continued to occupy the premises until a few years prior to his death, which occurred in 1921. The evidence as to possession in this case and as to the assertion of ownership on the part of the appellants is very like that in the Simmons case. If there is any difference, this is a stronger case than the other.

Both judgments will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.