No. 20875.

GEORGE MANIATIS *v.* GEORGIA KARAKITSIOS
(422 P.2d 52)

Decided January 9, 1967.

HARRY H. HADDOCK, CHARLES GINSBERG, CHARLES MUR-
DOCK, for plaintiff in error.

RICHARD HARTMAN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the plaintiff in error as respondent
and to the defendant in error as petitioner — as they
were designated in the juvenile court.

This writ of error is directed to a judgment of the
juvenile court of the City and County of Denver which
adjudicated that respondent was the father of a child
born to the petitioner out of wedlock and that he was
contributing to its dependency. The court ordered that
respondent pay the sum of $40 a month for child support.

Although there are many assignments of error, only
one, dealing with the manner in which the lower court
proceedings were conducted, is dispositive of this writ
of error. Because the matter will have to be retried
on all issues, the other arguments advanced for reversal
of the judgment need not be considered.

The case was initiated by petitioner under the
provisions of C.R.S. 1963, 22-7-1, in which the respond-
ent was charged with contributing to the dependency
of the child. In trials held under this article a respond-
ent has the right to a jury unless waived. C.R.S. 1963,

22-7-4. It is also provided in C.R.S. 1963, 22-9-1, that:

"* * * the court may appoint, in its discretion, some discreet person to hear the case and make *findings of fact* therein in the same capacity and, except as may be otherwise provided in this article, with like powers and duties and under such practice and rules, so far as practicable, as pertain to the appointment of a master or referee in chancery proceedings." (Emphasis supplied.)

C.R.S. 1963, 22-9-3, in pertinent part, states:

"In his *findings* the master shall recommend to the court the character of the care, custody, discipline, aid, assistance, help or disposition of such child and such decree as shall be entered therein. In the cases of adults or persons charged with contributory dependency or delinquency, the master shall recommend such disposition thereof as seems best for the care, protection and best interest of the child and in accord with justice." (Emphasis supplied.)

Instead of a jury trial as first requested and in lieu of a trial before a master or referee as provided by statute, the court asked counsel — not the same as appearing in this court — to consent to a procedure whereby the parties were to have a "jury trial in all respects" with the understanding, however, that it would be conducted by the referee. In the "arrangement" between the court and counsel it was *agreed* that the referee and the court *would be bound* by the jury verdict, although the jury was described as being "an advisory one." The following explanation was offered by the court and the referee sitting together in conference with counsel in chambers:

"The Court: Actually, you ask that it be heard before the Court. The jury makes a recommendation. Under the referee law a referee can hear any case in the Juvenile Court. The referee recommends to the judge a certain judgment be entered in this particular case. When you have a jury, the jury acts in an advisory capacity and *whatever the jury recommends* to the

referee, that goes before the judge and I *enter that as a judgment.*

\* \* \*

"Referee: In other words, we select a jury just as we would an ordinary case. So far as the jury is concerned, I'm the judge. They don't know anything different. The jury is being selected under the law which authorizes an advisory jury, but, *with the understanding that, actually, this is a jury trial. The same as an ordinary jury trial, the referee will follow the verdict.*
"Counsel: Fine. I want the record to show all this so there is no confusion.
"Referee: You have your right to trial by jury.
"The Court: The jury gives the recommendation to the Court and I enter it to that effect.
"Counsel: Now, let me ask this one question. Does the jury verdict, per se, work the same as any other verdict as if the jury had not been waived from this point of view?
"The Court: Yes.
"Counsel: Let's say for the benefit of both sides on this dispute, on an appeal, does the Supreme Court review the findings of the jury?
"The Court: Yes.
"Counsel: Per se?
"The Court: Yes. Exactly the same evidence goes to the Supreme Court. You have a transcript and everything else.
"Counsel: What makes me feel fuzzy is the reference you're 'waiving' a jury, when, *according to everything that has been said right now, you don't waive a jury, in effect.*
"The Court: No, you don't. You have a jury in an advisory capacity, but if a judge alone was hearing the case and there was some evidence brought in and John objected or you objected and the judge allowed that evidence to go in, that is reversible error. You see? So if the case goes before the jury and you object to

the evidence and Judge McAuliffe makes a mistake and allows that to go in, then he had no right to hear that and it is reversible error. Same thing.

"Counsel: That is all fine. I haven't had time to research this in other states.

"The Court: Maybe, since the referee only recommends, that's a question, whether or not a referee can actually serve as the judge with a jury, so we work this out that it's in an advisory capacity. Several times he acted solely as a judge but there might be some question whether he can do that, so you are protected." (Emphasis supplied.)

It is contended in this writ of error that the trial court was without authority and had no jurisdiction to conduct the trial as it actually did, and that the stipulation of counsel (whereby it was made to appear that a jury trial was being in all respects conducted) is void. We agree with this contention. Lack of jurisdiction in this respect may be raised at any stage of the proceedings. Jurisdiction cannot be conferred by agreement. *Meyers v. Williams*, 137 Colo. 325, 324 P.2d 788. We disapprove of the procedure in this case and offer the admonition that it not be followed in the future.

In *Everett v. Barry*, 127 Colo. 34, 252 P.2d 826, construing the juvenile court's authority under the statute in effect when the case was tried, we succinctly stated:

"Even if the wording of our statutes be too complicated for simple understanding, certain rules of law regarding our juvenile courts and rights of custody have been so often declared by us that even the way-faring man need not err therein. These rules are as follows:

"1. That the juvenile court is a statutory court *with no jurisdiction beyond that expressly given by statute*; * * * (Emphasis supplied.)

C.R.S. 1963, 37-9-1, et seq., the then pertinent statute,

established the juvenile court and its powers. In section 37-9-3 it is provided:

"Such court shall be a court of record, and all process issued out of any such court shall be issued and served in like manner as similar process is issued and served from courts of record in this state, and shall be governed in all proceedings, with reference to notice and pleadings, by the law for courts of record for this state. In all trials and proceedings the court is hereby vested with all the powers as to prescribing rules, times of pleading, *regulation of the practice, process and proceedings* in all respects as conferred by law upon courts of record with reference to like or similar matters in such courts, unless otherwise provided in this article. * * *" (Emphasis supplied.)

Pertaining to juries in the juvenile court, C.R.S. 1963, 37-9-14, provides:

"In any action pending before the juvenile court in which a party thereto is entitled to a jury, such party may have a jury summoned to try the same. Juries in such courts shall be summoned to try causes therein in the manner provided by law for the summoning of jurors to try causes in the county court."

From the foregoing, the conclusion is inescapable that the authority in the juvenile judge to prescribe such procedure as used here is totally lacking. It is contrary to the statutes and rules of civil procedure of this state.

The judgment is reversed and the cause remanded for retrial in consonance with the views herein expressed.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.