No. 25610

## The People of the State of Colorado v. George N. Simmons
(516 P.2d 117)

Decided November 26, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE DAY.

This is an appeal from a conviction of aggravated robbery, C.R.S. 1963, 40-5-1. We affirm.

Only one argument is advanced by the defendant for reversal. He contends that pretrial publicity denied him his right to a fair trial.

The articles complained of appeared in both Denver newspapers. The first — one in each of the papers — related to the arrest of the defendant and an accomplice following a high speed chase and crash, which resulted in the death of a prominent Denver business figure. They were published six months before the trial. The second of the articles — again published in each of the newspapers — four months before defendant's trial, was a factual and unspectacular recital of a jury verdict finding defendant guilty of vehicular homicide in connection with the high speed chase crash which killed the prominent businessman. Finally, after the jury panel had been sworn for the trial involved in this appeal, articles appeared which reported the conviction of this defendant's accomplice. This latter article only mentioned the defendant coincidentally.

Defendant contends that, in view of prejudicial publicity related above, the trial court erred in denying his motions for mistrial or change of venue. We disagree.

The record reveals that, despite the articles, only one-fourth of the jury panel — seven out of thirty-two — had read them. All but one of those jurors who had read the reports were excused for cause. The remaining juror answered questions regarding the effect of the articles on his conduct as a juror in such a way that the court in its discretion denied the challenge for cause. There was no abuse of discretion in the court's ruling. The juror was excused by the defendant through use of a peremptory challenge. The defendant did not exhaust all of his ten peremptory challenges in accepting the jury. Consequently, there was no evidence the jury was

tainted with prejudice as a result of pretrial publicity.

Disposition of motion for a change of venue due to local prejudice as well as a motion for mistrial are matters which are vested within the trial court's discretion. Crim. P. 21(a)(1); *Lee v. People,* 170 Colo. 268, 460 P.2d 796 (1969). Whether discretion was abused in this case must be tested by the principle that the denial of a fair trial may be presumed when the publicity is so "massive, pervasive and prejudicial." *Walker v. People,* 169 Colo. 467, 458 P.2d 238 (1969); *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1964); *Rideau v. Louisiana,* 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1962). Aside from the failure of the defendant to demonstrate how the jury was so tainted, we cannot entertain such a presumption on the basis of this record. The publicity was neither massive nor pervasive. *Compare Walker v. People, supra.* Prejudice, if any, was eliminated when the trial court and defense counsel excused all jurors who had read any of the articles. We hold that the trial court did not err in denying defendant's motions for mistrial and change of venue.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.