No. 25471

**The People of the State of Colorado v. Gerald Mercy Medina**
(522 P.2d 1233)

Decided June 3, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Jack E. Hanthorn, Assistant, Gregory L. Williams, Assistant, for plaintiff-appellee.

Robert L. McDougal, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal challenges a conviction for first-degree murder, C.R.S. 1963, 40-2-1. We affirm.

Medina was jointly tried with one Maestas, whose conviction has previously been affirmed by this court, *People v. Maestas,* 183 Colo. 378, 517 P.2d 461 (1973). Many of the issues raised by this appellant were rejected by this court in *Maestas,* and do not require any discussion herein. The arguments presented which were not raised by Maestas and which warrant consideration will be discussed.

The facts developed at the trial are that Medina, Maestas, and two others (who were granted a severance for trial) had been drinking until two in the morning. One of the four tried to persuade a lady to leave a cab which had come to take her home. When the cabdriver intervened, a fight ensued, resulting in the four, Medina included, beating and kicking the cabdriver to death. That Medina was involved, including having kicked the victim, is beyond doubt in the record.

## I.

As his first ground for reversal, Medina argues that his motion for judgment of acquittal should have been granted as there was insufficient evidence of guilt. Essentially, however, Medina's argument is addressed to the weight and credibility of the evidence. We reiterate fundamental rules governing appellate courts which dispose of this issue: "As to the issue of whether the evidence is sufficient in fact to sustain defendant's conviction, we reiterate these established rules: the evidence, with reasonable inferences therefrom, must be viewed in the light most favorable to the jury's verdict; the jury is assumed to have adopted that evidence which supports its verdict; and, the jury having found the guilt of the accused proved beyond a reasonable doubt, this court will neither weigh the evidence nor appraise the credibility of witnesses. [Citations omitted.]" *Dodge v. People,* 168 Colo. 531, 452 P.2d 759 (1969).

Here reasonable inferences are supported by the evidence, and we will not disturb the jury verdict. *People v. Lewis,* 180 Colo. 424, 506 P.2d 125 (1973).

## II.

As a second ground for reversal, Medina argues that

pretrial publicity denied him his right to a fair trial. He points to newspaper articles, which if heard and believed by a juror might have been grounds for a challenge for cause, and if read widely by the jury panel could have presented an issue of prejudice. *Walker v. People,* 169 Colo. 467, 458 P.2d 238 (1969). On the other hand, appellant has not cited one instance in the record where it is shown any juror had read the articles. Our search of the record reveals no evidence that the jurors read the articles. We fail to see, therefore, how Medina was prejudiced. There must be a nexus between the pretrial publicity and a jury's alleged prejudice. *People v. Simmons,* 183 Colo. 253, 516 P.2d 117 (1973); *Sergent v. People,* 177 Colo. 354, 497 P.2d 983 (1972).

III.

■ The third issue raised by Medina relates to the trial court's refusal to submit to the jury several defendant's tendered instructions. Without an exception, the tendered instructions were either covered by those given by the court or properly rejected as being without support in the evidence.

Additional arguments presented have been answered in *Maestas,* and numerous other issues raised have been considered and are without merit.

The judgment is affirmed.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.