557 P.2d 1214 (1976)
The PEOPLE of the State of Colorado in the Interest of R. J. G., a child, and concerning A. G. and B. G., Respondents.
The CITY AND COUNTY OF DENVER, Colorado, a Municipal Corporation, and the Department of Social Services of the City and County of Denver, Appellants,
v.
BROCKHURST BOYS' RANCH, INC., Intervenor-Appellee,
The State of Colorado and the Department of Social Services of the State of Colorado, Appellees.
No. 75-898.
Colorado Court of Appeals, Div. I.
July 22, 1976.
Rehearing Denied August 19, 1976.
Certiorari Granted December 20, 1976.
*1215 Max P. Zall, City Atty., Frank A. Elzi, Robert A. Powell, Asst. City Attys., Denver, for appellants.
Bennett, Heinicke, Morrison & Hollaway, Howard Morrison, Colorado Springs, for intervenor-appellee.
J. C. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Asst. Atty. Gen., Dennis J. Sousa, Special Asst. Atty. Gen., Denver, for appellees State of Colorado and Department of Social Services of the State of Colorado.
Selected for Official Publication.
COYTE, Judge.
The City and County of Denver and the Department of Social Services of the City and County of Denver, respondents below, appeal from the entry of summary judgment entered by the Juvenile Court of the City and County of Denver, in favor of petitioner, Brockhurst Boys' Ranch, Inc. Respondents also appeal from the court's order denying their motion to join the State of Colorado and Department of Social Services of the State of Colorado as respondents. We affirm.
This case grew out of a delinquency action in the Denver Juvenile Court. The minor, R.J.G., was adjudicated a child in need of supervision (CHINS). In July 1972 the Denver Department of Welfare became the legal custodian of the child, and at that time he was placed at Brockhurst Boys' Ranch in Colorado Springs.
In August 1972, R.J.G. ran away from Brockhurst. After R.J.G.'s return to Denver Juvenile Hall, and upon the failure of the Denver Department of Welfare to send the child back to the Ranch or suggest appropriate alternatives, the juvenile court ordered the return of R.J.G. to Brockhurst Boys' Ranch, at the expense of the Department of Social Services of the City and County of Denver.
In November 1973, petitioner Brockhurst, being unable to obtain payment for maintenance of R.J.G., filed a petition in the on-going (CHINS) proceedings in juvenile court requesting an order directed to the Denver Department of Welfare, the child's legal custodian, to cause why a judgment should not be entered in favor of Brockhurst in the amount of $4,411.24the *1216 cost of R.J.G.'s stay between July 1972 and August 1973. Respondent Denver resisted the show cause order and argued first that petitioner was not a party to the on-going CHINS action and that in any event the juvenile court had no authority to enter a money judgment. It further argued that a determination of liability could not be made without joining the State as a party to the action in order to determine whether the State Department of Social Services abused its discretion in promulgating its regulations for reimbursement, and moved to join the Department of Social Services of the State of Colorado as a party.
The juvenile court granted leave for petitioner Brockhurst to intervene as an interested party, ruled that it had jurisdiction to enter a money judgment and denied Denver's motion to bring the Department of Social Services into the litigation as a necessary party. Subsequently, the court granted Brockhurst's motion for summary judgment in the amount of $4,411.24.
Denver first contends that Brockhurst is not an "interested party" and therefore has no right to intervene in the action before the juvenile court. The Children's Code expressly contemplates participation of interested parties in juvenile cases. See Sections 19-1-108(2) and (3), and 19-3-109(3)(a), C.R.S.1973.
When the juvenile court placed R.J.G. in Brockhurst after his return, Denver challenged the placement order by means of an order to show cause in the Supreme Court. In City & County of Denver v. Juvenile Court, 182 Colo. 157, 511 P.2d 898 (1973), the court held that "the juvenile court has the power and the duty to make such determinations as it deems appropriate regarding the custody and care of a child adjudicated to be within its exclusive jurisdiction."
The Children's Code grants the juvenile court jurisdiction over proceedings to compel "legally responsible persons" to support a child, § 19-7-101(1), C.R.S.1973, and grants it the power to enter orders directing persons found to have an obligation to support to pay such sums as are reasonable under the circumstances, § 19-7-103, C.R. S.1973. Further, the court has the power to "issue writs of execution for the collection of accrued and unpaid installments of support orders." Section 19-7-104(2), C. R.S.1973. This language is specifically not limited to parents, and therefore, the custodian (Denver) of an adjudicated CHINS (R.J.G.) with a legal obligation to support that child is properly within the scope of the juvenile court jurisdiction and can be compelled to pay support for the maintenance of said child.
Since the juvenile court has the power to compel legally responsible persons to support a child, it necessarily follows that a person furnishing support to a child in accordance with an order of the juvenile court has the right to intervene in a CHINS proceedings as an interested party for the purpose of recovering the cost of that support.
Denver also challenges the jurisdiction of the juvenile court to enter summary judgment in favor of Brockhurst. In City & County of Denver v. Juvenile Court, supra, the order from which Denver appealed required Denver to place the child, at Denver's expense, at Brockhurst. Denver contends that the Supreme Court did not reach the issue of its financial responsibility to Brockhurst. Since the only issue found to be properly before the Supreme Court was that of jurisdiction, other issues were not considered; however the court did rule on the authority of the juvenile court to order the child placed at Brockhurst.
The affidavit of Brockhurst in support of its motion for summary judgment stated that Denver admitted that the sum of $4,411.24 is owing to Brockhurst, and that the Denver Department of Welfare was the child's legal custodian. Denver does not dispute the factual allegations of the *1217 supporting affidavit of Brockhurst but rather contends that the juvenile court did not have jurisdiction to enter a money judgment.
The Juvenile Court of the City and County of Denver has such power and authority as is vested in it by statute. Colo.Const. Art. VI, § 15. Section 13-8-102, C.R.S.1973 provides as follows:
"The juvenile court shall be a court of record with such powers as are inherent in constitutionally created courts and with such legal and equitable powers to effectuate its jurisdiction and carry out its orders, judgments, and decrees as are possessed by the district courts."
Further, § 13-8-123, C.R.S.1973 provides:
"The judgments of the juvenile court shall be enforceable in the same manner as judgments of the district court. . ."
The order of the juvenile court to place R.J.G. at Brockhurst Boys' Ranch was upheld as a valid exercise of jurisdiction. City & County of Denver v. Juvenile Court, supra. Hence, since the above statutes give the court authority to enforce its orders, it was proper for the court to enter a summary judgment in favor of Brockhurst.
Denver sought to join the State Department of Social Services as a necessary party to the determination of its financial obligation towards Brockhurst. The juvenile court properly found that it has no jurisdiction beyond that expressly provided by statute, Maniatis v. Karakitsios, 161 Colo. 378, 422 P.2d 52, and could not adjudicate an administrative dispute between the county and the state where the former is protesting the latter's refusal to reimburse Denver for the cost of R.J.G.'s placement at Brockhurst Boys' Ranch.
The judiciary does not ordinarily become involved in disputes between administrative agencies. People ex rel. Dunbar v. District Court, 129 Colo. 203, 268 P.2d 1098. Here, in essence, the Denver Department of Welfare in seeking to join the State Department of Social Services was attempting to obtain judicial review of the state's administrative decision not to reimburse the county. It has been clearly established that "in the absence of an express statutory right, a subordinate state agency . . . lacks standing or any other legal authority to obtain judicial review of an action of a superior state agency. . . ." Martin v. District Court, Colo., 550 P.2d 864; Nadeau v. Merit System Council, 36 Colo.App. 362, 545 P.2d 1061 (1975), cert. denied, March 1, 1976. See also Board of County Commissioners v. State Board of Social Services, 186 Colo. 435, 528 P.2d 244; Board of County Commissioners v. Love, 172 Colo. 121, 470 P.2d 861. We are unaware of any such statutory authority.
The county, thus will not be allowed to seek judicial review of an administrative decision under the guise of joining the state as a party in response to Brockhurst's petition seeking costs for the custodial care of R.J.G. The juvenile court properly refused to allow the Department of Social Services of the State of Colorado to be made a party to this proceeding.
Judgment affirmed.
PIERCE and RULAND, JJ., concur.