## No. C-1059

**The City and County of Denver, Colorado, a Municipal Corporation, and The Department of Social Services of the City and County of Denver v. Brockhurst Boys Ranch, Inc. and The State of Colorado and The Department of Social Services of the State of Colorado**

(575 P.2d 843)

Decided February 21, 1978.                    Rehearing denied March 20, 1978.

Max P. Zall, City Attorney, Robert A. Powell, Assistant, Frank A. Elzi, Assistant, for petitioners.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Dennis J. Sousa, Special

Assistant; Bennett, Heinicke, Morrison & Heinicke, Howard Morrison, for respondents.

Walta, Cross, Gaddis & Kin, Larry R. Gaddis, for amicus curiae Colorado Council of Juvenile Court Judges.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioners, City and County of Denver and its Department of Social Services, seek relief from orders of the Denver Juvenile Court requiring payment of the costs of the care, support and maintenance of a minor child found to be a child in need of supervision under the Colorado Children's Code. The child involved was put in the legal custody of the Denver Department of Social Services, which then placed it with the Brockhurst Boys Ranch at Colorado Springs. Section 19-3-112(1)(d), C.R.S. 1973.

Petitioners challenged the authority of the juvenile court to enter the custodial order and, also, the requirement that petitioners pay the cost of the placement of the child at Brockhurst. This court, in *Denver v. Juvenile Court*, 182 Colo. 157, 511 P.2d 898, affirmed the authority of the juvenile court to make that disposition.

The various events giving rise to the numerous juvenile hearings concerning the challenged orders are set forth in *Denver v. Juvenile Court*, and need not be repeated here.

Petitioners declined to pay Brockhurst, contending that the State Department of Social Services was obligated to pay eighty percent of the expense. The state department had indicated that the Denver Department of Social Services was not eligible for the eighty percent reimbursement. As a result of the refusal to pay, Brockhurst sought, and was permitted, over objection, to intervene in the juvenile court proceedings for the purpose of seeking enforcement of the order for payment.

Petitioners then sought to join the State Department of Social Services as a party for the purpose of compelling the state department to pay eighty percent of the Brockhurst expenses under the child welfare services provisions of the Social Services Code. Section 26-5-101, *et seq.*, C.R.S. 1973. The juvenile court declined to join the state department, ruling that the juvenile court was not the proper forum to litigate petitioners' claims against the state department in view of the limited jurisdiction of the Denver Juvenile Court. *Colo. Const.* Art. VI, Sec. 15; section 13-8-103, C.R.S. 1973. Moreover, the court expressed the opinion that the

administrative dispute between the Denver Department of Social Services and the State Department of Social Services was properly reviewable, if at all, under the State Administrative Procedure Act, section 24-4-101, *et seq.*, C.R.S. 1973.

Brockhurst filed a motion for summary judgment — there being no dispute as to the amount owed to it for the keep of the minor child — and the juvenile court granted the motion and entered judgment in favor of Brockhurst and against petitioners for $4,411.24.

The court of appeals affirmed the judgment in *People In Int. of R.J.G.*, 38 Colo. App. 148, 557 P.2d 1214. We affirmed the judgment of the court of appeals.

## I.

As herefore noted, this court, in *Denver v. Juvenile Court, supra*, decided the Denver Juvenile Court had the authority to order the custody of the minor child with the Denver Department of Social Services and to require the department to pay for the expense of the care and maintenance of the child at Brockhurst. Apparently not recognizing the full import of that decision, petitioners here contend that the proceedings against them were improper in that they were not served with a summons and petition and given a hearing as provided by section 19-7-101, *et seq.*, C.R.S. 1973, which relates to Support Proceedings. A similar challenge was raised and answered in *Denver v. Juvenile Court, supra*, where the court stated:

"Petitioners, at the outset, challenge the power of the juvenile court to order them to do anything until they have formally been made a party to the action through service of process. They argue that to hold otherwise would deprive them of due process of law * * *.

"We disagree. The welfare of a child is a matter of state-wide concern; * * * hence, the Department of Welfare [Denver Department of Social Services] is, in effect, a subagency of the state under the circumstances here. * * * Therefore, it was not necessary that it be joined as an independent party. Its status, functions and responsibilities are defined in the enactments of the general assembly. * * * Those enactments bring its services under the jurisdiction of the juvenile court."

While it might have been appropriate for Brockhurst to initiate a separate proceeding under section 19-7-101, it was not necessary to do so in the posture of this case. Moreover, the Denver Department of Social Services was before the juvenile court when it was awarded and accepted custody of the minor and it initially recommended placement of the child at Brockhurst. Its contention that it was in effect a stranger to these proceedings, without a fair opportunity to protest, is totally without support in the record.

In a related argument, petitioners contended at trial, and here, that granting Brockhurst's motion to intervene was improper. Without further

elaboration, we approve the order of intervention which found that Brockhurst became an "interested party" entitled to intervene when the child was placed in its care with court approval at the expense of petitioners. *People, Int. of M.D.C.M.*, 34 Colo. App. 91, 522 P.2d 1234.

■ Petitioners also suggest that the juvenile court was without authority to enter a money judgment in favor of Brockhurst. While it is clear that had the proceedings been commenced under section 19-7-101 such a judgment would have been proper, it was also within the authority of the juvenile court to enter such a judgment in this proceeding. The Denver Juvenile Court is a constitutional court, with such jurisdiction as shall be provided by law. *Colo. Const.* Art. VI, Sec. 1 and Sec. 15. Further, section 13-8-102, C.R.S. 1973, provides:

"Court of record — powers. The juvenile court shall be a court of record with such powers as are inherent in constitutionally created courts and with such legal and equitable powers to effectuate its jurisdiction and carry out its orders, judgments, and decrees as are possessed by the district courts."

Additionally, section 13-8-123 specifically provides that the judgments of the juvenile court shall be enforceable in the same manner as judgments of the district court.

It is without dispute that the juvenile proceedings were within the juvenile court jurisdiction and that the court was empowered to enter a judgment to enforce its order of support. We find no validity to petitioners' argument to the contrary.

## II.

■ Finally, petitioners contend that the juvenile court erred in denying its motion under C.R.C.P. 19 to join the State Department of Social Services as a party. We do not agree.

Petitioners' theory is predicated on the purported responsibility of the state department under the Social Services Code, particularly section 26-5-101, *et seq.*, C.R.S. 1973, relating to Child Welfare Services, to reimburse the county department to the extent of eighty percent of the expense of caring for the minor at Brockhurst. The state department declined the county's request for reimbursement. The record indicates a dispute between the state and county departments over compliance by the county with the state rules and regulations concerning eligibility for reimbursement. Petitioners, nonetheless, argued that the state was liable under sections 26-5-103 and 104 and that the juvenile court was a proper forum in which to resolve that issue.

■ The jurisdiction of the Denver Juvenile Court is limited to that provided by statute. *Colo. Const.* Art. VI, Sec. 15. *See Maniatis v. Karakitsios*, 161 Colo. 378, 422 P.2d 52. It has no general jurisdiction to litigate controversies arising outside the jurisdictional areas encompassed within section 13-8-103, C.R.S. 1973.

■ Furthermore, the Denver County Department of Social Services, as agent of the State Department of Social Services (section 26-1-118, C.R.S. 1973), is here attempting to challenge the administrative decision of its superior. As held in numerous decisions of this court, in the absence of an express statutory authorization, a subordinate state agency lacks standing to obtain judicial review of the action of its superior state agency. *Martin v. District Court*, 191 Colo. 107, 550 P.2d 864, and cases cited therein. In the posture of this case, the decision of the state department to decline reimbursement may not be reviewed, and the order denying petitioners' joinder motion was correct.

This is not to say, however, that within the proper framework and in a court of general jurisdiction review of an administrative decision by the State Department of Social Services may not be had by an aggrieved party. In the present case, however, the interagency controversy over reimbursement may not be resolved in the juvenile court.

The judgment of the court of appeals is affirmed.