MR. CHIEF JUSTICE HODGES
delivered the opinion of the Court.
Defendant Dilger was charged with attempted theft and first-degree official misconduct for alleged improprieties commited while working as a tax collector for Jefferson County. Before trial defendant moved to suppress evidence of a photographic lineup which had been used to identify him. The motion was denied. At the conclusion of the People’s case, and again at the close of the defendant’s case, defendant made motions for a directed verdict of not guilty. The trial court denied these motions and the jury subsequently acquitted him of the attempted theft charge but found him guilty of official misconduct.
In this appeal, defendant asserts three grounds for reversal: (1) the trial court should have suppressed the identification testimony because the photographic lineup was impermissibly suggestive; (2) the evidence was insufficient to show that defendant engaged in “unauthorized” acts or to establish the requisite intent to obtain a personal benefit or maliciously to cause harm to another; and (3) the jury’s verdicts were inconsistent.
Examination of the record convinces us that the evidence is insufficient as a matter of law to sustain the verdict and that the judgment must be reversed. Accordingly, we do not reach the other issues raised by the defendant. In making this determination, we are mindful of the rule that an appellate court will neither weigh the evidence nor appraise the credibility of witnesses. People v. Medina, 185 Colo. 183, 522 P.2d 1233 (1974).
Viewed in the light most favorable to the People, the evidence adduced by the People at trial established the following: in December 1975, defendant Dilger was hired as a field investigator for the Jefferson County *416 Treasurer’s office. His duties, during the period in question, were to collect delinquent personal property taxes from businesses.
In February 1976, a man later identified as the defendant, visited Thomas Allen, the manager of a retail store. The defendant informed Allen that he was from the Jefferson County Tax Collector’s office and that the store owed a six percent penalty fee for nonpayment of taxes. Allen stated to the defendant that the bookkeeper was not present and that he would have the bookkeeper contact the defendant. After requesting that the bookkeeper contact the Jefferson County Tax Assessor’s office, the defendant departed.
Contrary to defendant’s representations, the store’s taxes were not delinquent. Nor did the defendant act in accordance with established practice in seeking to collect a penalty rather than the overdue tax itself and in failing to make a record of this field visit.
The other incident upon which the charges are based involved visits made by the defendant to Mrs. Beryl Cary. Mrs. Cary, who had previously owned a beauty salon, testified that in January 1976 s.he found a note left in her mail box. The note was signed by the defendant and referred to delinquent taxes for the year of 1974. She called the defendant the next morning and the defendant informed her that he could find no arrears in her taxes and was sorry to have bothered her. However, on the following Saturday morning, defendant came to her house and asked what she was going to do about the beauty salon taxes. When she offered to go into the house and get a check to prove payment, defendant told her not to bother and that he may have confused her case with another situation.
The evidence indicates that the 1974 taxes for the beauty salon had been paid and the 1975 taxes were due but not delinquent. The evidence also shows that the Deputy Treasurer of Jefferson County had specifically requested the defendant to investigate whether Mrs. Cary was still the owner of the beauty salon.
Section 18-8-404, C.R.S. 1973, the offense for which the defendant was convicted, provides as follows:
“First degree official misconduct. (1) A public servant commits first degree official misconduct if, with intent to obtain a benefit for himself or maliciously to cause harm to another, he knowingly: (a) Commits an act relating to his office but constituting an unauthorized exercise of his official function; or (b) Refrains from performing a duty imposed upon him by law or clearly inherent in the nature of the office; or (c) Violates any statute or lawfully adopted rule or regulation relating to his office. (2) First degree official misconduct is a class 2 misdemeanor.” (Emphasis added.)
We find that in the present case the requisite element of “intent to obtain a benefit for himself or maliciously to cause harm to another” was not proved beyond a reasonable doubt. Both of the principal witnesses *417 for the prosecution, Thomas Allen and Mrs. Beryl Cary, admitted that the defendant never asked or even implied that they pay him any money. There is therefore no direct evidence that the defendant sought to obtain a monetary or other benefit for himself. Nor can a request to Allen to contact the tax assessor’s office or to Cary to clarify the tax status of her business constitute proof of an intention maliciously to cause harm.
While specific intent may be inferred circumstantially, mere conjecture of intent is not acceptable in lieu of proof beyond a reasonable doubt. See Stevenson v. People, 148 Colo. 538, 367 P.2d 339 (1961). Evidence showing that a tax collector approached nondelinquent taxpayers and requested an unusual means of payment does not establish beyond a reasonable doubt intent to obtain personal benefit. Doubt exists as to whether the defendant, who was new to the job, acted to enrich himself or merely identified incorrectly the taxpayers and misconceived the means of collection.
We conclude, therefore, that the evidence adduced at trial is not “substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonble doubt.” People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973).
The judgment is reversed and cause remanded with directions to vacate the judgment and sentence and to dismiss the information.
MR. JUSTICE PRINGLE does not participate.