## No. 27961

## Van Cise, Phillips and Goldberg v. Michael J. Jelen, individually and Jelen and Son, Inc., a corporation

(593 P.2d 973)

Decided April 30, 1979.

Richard E. Young, Robert R. Keatinge, Frederick J. Lockhart, Jr., for plaintiff-appellee.

Michael J. Jelen, pro se.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

The plaintiff, the law firm of Van Cise, Phillips, and Goldberg, brought an action on a promissory note against defendants, Michael Jelen, individually, and Jelen and Son, Inc., a corporation of which Michael Jelen was president. The trial court entered judgment in favor of the plaintiff for the full amount of the promissory note plus interest and attorney's fees. The defendants appealed. We affirm the trial court's judgment.

In early 1968, the defendants retained attorney Hugh McClearn to perform various legal services. Shortly thereafter, this attorney joined the plaintiff law firm. Representation of the defendant continued until May 1972. During this period, the defendants paid the sum of $6,436.59 to the plaintiff for legal fees, but in May 1972, numerous charges remained unpaid. Negotiations over the outstanding charges culminated in the execution by the parties of a promissory note for $4,312.22. When the note became due at the end of March 1974, the defendants refused payment and the plaintiff commenced the present action.

Defendants contended in the trial court that the promissory note was not enforceable, because the underlying legal charges were never itemized. Defendants argued that the plaintiff agreed to supply an itemization of charges and that enforceability of the note was conditioned upon receipt of an appropriate itemization. Furthermore, defendants asserted that without providing such an itemization, the plaintiff failed to sustain its burden of showing that the note was fair and executed understandingly.

Michael Jelen testified at trial that attorney McClearn promised to itemize all legal fees before any obligation would arise on the part of the defendants to pay the promissory note. No such itemization was provided by the plaintiff, and at the time of trial, plaintiff's time records regarding services performed for defendants had been lost or misplaced. Attorney McClearn testified that he did not recall that Jelen requested any itemization or that he agreed to such a procedure.

In entering judgment in favor of the plaintiff, the trial court concluded that the promissory note was enforceable and "legal in every respect." It is obvious from the court's holding that itemization of charges was not a condition precedent to the enforceability of the note. This is supported by attorney McClearn's testimony. Accordingly, in light of the rule

that an appellate court will neither weigh the evidence nor appraise the credibility of witnesses, this determination will not be disturbed on review. *See People v. Dilger,* 196 Colo. 414, 585 P.2d 918 (1978); *People v. Medina,* 185 Colo. 183, 522 P.2d 1233 (1974).

Defendants assert that even if the parties are found not to have made an, agreement regarding the itemization of charges, this court should adopt the rule that a law firm must provide an itemization of fees in order to obtain compensation for its services. Defendants cite the principle that the fiduciary relationship which exists between attorney and client imposes a burden upon an attorney seeking to enforce a fee contract of demonstrating that the fee arrangement was fairly and openly arrived at; that he informed the client fully of the facts and of the client's rights; and that the services performed were reasonably worth the fee charged. *See Bryant v. Hand,* 158 Colo. 56, 404 P.2d 521 (1965); *Rupp v. Cool,* 147 Colo. 18, 362 P.2d 396 (1961); *Enyart v. Orr,* 78 Colo. 6, 238 P. 29 (1925); 7 *C.J.S., Attorney and Client* § 204(2); 7 *Am. Jur. 2d Attorneys at Law* § 211. According to the defendants, a mere assertion by the attorney that the charges were fair, as made in the present case, does not suffice to meet this burden.

■ Employing ordinary contract principles, we affirm the trial court's conclusion that the promissory note was valid. Plaintiff's promise to forego collection for one year clearly provided consideration for defendants' agreement to pay $4,312.22. As found by the trial court, there was evidence that Jelen was experienced in dealing with attorneys and contracts and that he executed the note with full knowledge of its contents. No evidence of duress or lack of arm's length bargaining was presented. The language of the note was unqualified and manifested an intention of the parties to form a binding contract.

■ We decline to impose the rule suggested by the defendants that an attorney who seeks to enforce a contract for legal fees is obligated in every situation to supply an itemization of charges. Such a rule is unnecessarily inflexible. A requirement of itemization is clearly not compelled by the law where, as in the present case, the fee arrangement was not made during the course of the attorney-client relationship and where, as in the present case, the parties have made an independent and final determination of the value of services rendered through the execution of a promissory note.

We, therefore, affirm the judgment of the trial court.

MR. JUSTICE CARRIGAN does not participate.