The PEOPLE of the State of Colorado In the Interest of T. W., a Child, and concerning M. (F.) F. and E. F., Respondents.

The STATE DEPARTMENT OF SOCIAL SERVICES, Appellant,

v.

The ARAPAHOE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellee.

No. 81CA0214.

Colorado Court of Appeals, Div. II.

Aug. 27, 1981.

Rehearing Denied Oct. 15, 1981.

Certiorari Denied March 8, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan L. Warren, Asst. Atty. Gen., Denver, for appellant.

Martin A. Mansfield, Littleton, Guardian Ad Litem.

Raymond C. Frenchmore, Littleton, for appellee.

ENOCH, Chief Judge.

The State Department of Social Services (the State Department) seeks to reverse the trial court's order requiring it to fund the out-of-state placement of T. W., a juvenile adjudicated neglected, dependent, and delinquent. We affirm.

T. W. has been involved in a long history of foster placement, having been placed in approximately 20 different foster settings. In each case he ran away from that placement to return to live with his mother. When he was again placed at home, he set fire to the family's apartment. This led to T. W.'s adjudication as a delinquent.

Following the fire-setting incident, and in an effort to determine the best placement for T. W., the court ordered a placement evaluation. From that evaluation and subsequent investigation, it was determined that there were few in-state facilities which had potentially helpful guidance and education programs suited for T. W.'s problems.

These facilities would either not take T. W. because of the fire-setting incident or were not sufficiently confining to prevent him from running away. The locked adolescent unit at Fort Logan was the only sufficiently confining unit which would accept the child. However, the court rejected Fort Logan as an acceptable placement because the court felt that it did not provide an adequate program for T. W.

On May 1, 1980, the court, pursuant to the Interstate Compact for the Placement of Children, § 24–60–1801, et seq., C.R.S. 1973 (1980 Cum.Supp.), ordered placement of T. W. at Brown School in Austin, Texas. In June 1980, the Executive Director of the Department of Social Services indicated that the Department would not pay any of the out-of-state placement costs for T. W. On motion by the guardian ad litem for T. W., the district court entered an order directing the State Department to pay its 80% share of the funding.

It is within the exclusive jurisdiction of the court to determine the placement of a child adjudicated neglected, dependent, or delinquent. Sections 19–3–101.-1, 19–3–111, and 19–3–113, C.R.S.1973 (1980 Cum.Supp.). And while the State Department has the authority to prescribe procedures for handling requests and applications for social services through its rules and regulations, § 26–2–108(2), C.R.S.1973, it may not encroach upon that authority exclusively placed with the court. Thus, the executive director of the State Department may not, *ex parte*, second guess the trial court's determination of placement. Accordingly, we hold that where, as here, the court has entered an order of out-of-state placement, the executive director has exceeded his authority by invoking those rules and regulations[1] promulgated by the State Department that directly call for his

---

1. *See* 12 Code Colo.Reg. 2509–3, A–7218.9. ("Reimbursement from state funds is not available when (1) The child is placed out of state without the proper approval of the State Department.")

   11 Code Colo.Reg. 2508–4, Rule 5.721.1 ("County departments may be reimbursed 80% of the costs of services ... only if: (d) For RCCF's located outside of Colorado, the placement of a child in that facility is approved by the Director, Division of Social Services in the State Department.")

approval of out-of-state placement before state funding will be forthcoming.

Here, the district court acted in accordance with the Children's Code when it placed T. W. at Brown School. The State Department of Social Services is thereby bound by the requirement of § 26–5–104, C.R.S.1973, to reimburse the County Department 80% of that amount expended for placement of T. W. Thus, the trial court did not err in requiring such funding.

Further, the jurisdictional problems raised in *Denver v. Brockhurst Boys Ranch, Inc.*, 195 Colo. 22, 575 P.2d 843 (1978), are not present here. Rather, this action is brought by an aggrieved party in a court of general jurisdiction. Also, because the County Department is a sub-agency of the State Department, the guardian ad litem need not have individually served and brought suit against the State Department of Social Services. *Cf. Denver v. Brockhurst Boys Ranch, Inc., supra.*

Contrary to the State Department's contention, it was not precluded from presenting evidence and arguments to the trial court in support of its position. In fact, the Department actively participated in the court proceedings and administratively participated in the out-of-state placement.

We find appellant's other arguments to be without merit.

Order affirmed.

KELLY and VAN CISE, JJ., concur.