Rex HOLLAND and Ruth Holland, Plaintiffs-Appellants,

v.

J. P. SUTHERLAND, Oneida Sutherland, and Jim Sutherland, Defendants-Appellees.

No. 79CA1138.

Colorado Court of Appeals, Div. I.

Oct. 22, 1981.

Richard P. Tisdel, Ouray, for plaintiffs-appellants.

Woodrow, Roushar & Weaver, Frank J. Woodrow, Montrose, for defendants-appellees.

KIRSHBAUM, Judge.

Plaintiffs, Rex Holland and Ruth Holland, appeal a judgment entered against them and in favor of defendants on defendants' counterclaim after trial to the court. We affirm.

Plaintiffs commenced this C.R.C.P. 105 proceeding in 1977, seeking to quiet title to specific real property located in Naturita, Colorado. Defendants J. P. and Oneida Sutherland counterclaimed, alleging superior title and ownership by adverse possession.

The record reveals that plaintiffs' grantor, John Brinkley, and defendants each received title to the property in dispute (Lot 4) from Elmer and Marty Brinkley (the Brinkleys). John Brinkley's deed from the Brinkleys was dated February 25, 1956, and was recorded March 14, 1956. Defendants' deed from the Brinkleys was dated December 9, 1955, and was recorded April 16, 1956. The trial court's conclusion that plaintiffs possessed the superior record title to Lot 4 is not contested.

The record also reveals that Oneida Sutherland kept a garden on Lot 4 during the summers of 1955 and 1956. From 1957 through early 1961, J. P. Sutherland regularly and continuously used Lot 4 for parking, washing, and maintaining trucks and other equipment. Defendants' sons lived on the property between April 1961 and early 1970, during which time they installed water lines, natural gas lines, and a sewer. Defendants continued to use the property for storage of equipment from 1970 to 1973, and the water and gas lines remained visible throughout that period of time. The trial court concluded "that the use of the property by the Defendants was open, visual, notorious, hostile, adverse and exclusive as against use and occupancy by the Plaintiffs and their grantor" for eighteen years.

Plaintiffs contend that there is no support in the evidence for the trial court's findings that defendants' entry onto the property was hostile, and that defendants continuously possessed and used Lot 4 from 1955 to 1973. However, the record contains sufficient evidence, although conflicting, to support the trial court's findings. Hence, those findings may not be disturbed on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970); *Kroulik v. Knuppel*, Colo.App., 634 P.2d 1027 (1981).

Plaintiffs also contend that the evidence is insufficient to support the trial court's finding that use of Lot 4 by defendants' sons constituted use by defendants. We again disagree.

The possession necessary to establish title to property by adverse possession need not always be personal possession by the adverse claimant, but in some circumstances may be established by conduct of another which the adverse claimant has authorized. *Hanna v. Ferrier*, 265 Ala. 450, 91 So.2d 700 (1956); *Aspinwall v. Allen*, 144 Wash. 198, 257 P. 631 (1927); *see Cleveland v. Dow Chemical Co.*, 168 Colo. 388, 451 P.2d 741 (1969); *Niles v. Churchill*, 29 Colo.App. 283, 482 P.2d 994 (1971). The trial court found that defendants' sons used the property with the consent of defendants. This finding is based on a rational choice between conflicting inferences reasonably drawn from the evidence adduced at trial. Hence, we will not substitute our judgment for that of the trial court. *Van Cise, Phillips and Goldberg v. Jelen*, 197 Colo. 428, 593 P.2d 973 (1979); *Thiele v. State of Colorado*, 30 Colo.App. 491, 495 P.2d 558 (1972).

Finally, plaintiffs argue that the trial court erred in finding that the existence of a small water spigot and a 24–30 inch high gas meter were sufficient to constitute open, notorious, and visible possession by defendants during the latter part of the applicable eighteen-year period. It is true that the placing of a few minor improvements on property does not necessarily constitute a taking of possession. *See, e. g., Concord Corp. v. Huff*, 144 Colo. 72, 355 P.2d 73 (1960). However, the trial court also found that during the same period of time the defendants stored equipment on the property. This finding is supported by the evidence and will not be disturbed on review. *Linley v. Hanson, supra.*

Judgment affirmed.

COYTE and STERNBERG, JJ., concur.