**PUEBLO COUNTY COMMISSIONERS John Giguere, Al Hayden, and George Amaya; Pueblo County Department of Social Services, State of Colorado, Darlene Wallace, Adolph Berumen; Pueblo County Deputy District Attorney Matt Martin; Pueblo County, State of Colorado Special Assistant Attorney Kathleen Hearn; Pueblo County State of Colorado Deputy Sheriff Barrett, Petitioners,**

v.

**The DISTRICT COURT IN AND FOR the TENTH JUDICIAL DISTRICT and the Honorable John R. Tracey, Judge Thereof, Respondents.**

No. 85SA40.

Supreme Court of Colorado, En Banc.

Nov. 12, 1985.

Hall & Evans, Alan Epstein, Denver, for petitioners.

Respondents not appearing.

Joseph James Lenihan, Pueblo, for C.P.

ERICKSON, Justice.

This is an original proceeding to obtain a writ of prohibition. Petitioners seek an order prohibiting the respondent district court from exceeding its jurisdiction by determining the merits of counterclaims asserted in a dependency and neglect proceeding. We issued a rule to show cause why the counterclaims should not be dismissed. We now make the rule absolute.

I.

The Pueblo County Department of Social Services instituted a dependency and neglect proceeding in the interest of A.T., a minor child, in the respondent district court. The parents of A.T. filed a response which denied the allegations contained in the dependency and neglect petition and set forth a number of counterclaims. The petitioners moved to dismiss the counterclaims on the ground that the respondent district court, acting in its capacity as a juvenile court, lacked subject matter jurisdiction over the counterclaims. The court denied the motion. The parents then filed an amended response which included counterclaims for outrageous conduct, false arrest, malicious prosecution, malicious tort, conspiracy, libel, slander, and deprivations of various civil and constitutional rights. The petitioners again moved to dismiss or, alternatively, to strike the counterclaims. The respondent district court granted the motion to dismiss as to the tort claims because of the parents' failure to comply with the notice provisions of the Colorado Governmental Immunity Act. However, the court refused to dismiss the claims based upon alleged deprivations of civil and constitutional rights. This original proceeding followed.

II.

Petitioners assert that the respondent district court, acting in its capacity as a juvenile court, lacks jurisdiction to entertain counterclaims in a dependency and neglect proceeding. We agree.

The juvenile court has no jurisdiction except that provided by statute. *City and County of Denver v. District Court,* 675 P.2d 312 (1984); *City and County of Denver v. Brockhurst Boys Ranch, Inc.,* 575 P.2d 843, 195 Colo. 22 (1978). The jurisdiction of the juvenile court is set forth in section 19-1-104, 8 C.R.S. (1978 & 1984 Supp.). Nothing in the provisions of section 19-1-104 authorizes the juvenile court to entertain counterclaims in a dependency and neglect action. The absence of such statutory authorization is consistent with the purpose of dependency and neglect proceedings, which is to promptly determine whether the child lacks adequate parental guidance, protection, and support. *People in the Interest of E.A.,* 638 P.2d 278 (Colo. 1981). That purpose would be ill-served by permitting potentially protracted litigation of matters unrelated to the welfare of the child.

The respondent district court recognized that section 19–1–104 does not authorize a juvenile court to hear counterclaims in a dependency and neglect action. However, the court concluded that since the dependency and neglect petition was filed in district court, the counterclaims of the parents could be adjudicated. The respondent district court failed to recognize the broad definition of "juvenile court" under the Children's Code. Section 19–1–103(18) defines "juvenile court" to include the "juvenile division of the district court outside the city and county of Denver." *Id.* As the juvenile division of the Pueblo County District Court, the respondent district court is a juvenile court. Accordingly, the court has no jurisdiction to decide the merits of counterclaims asserted in a dependency and neglect proceeding.[1]

Accordingly, the rule to show cause is made absolute and the case is remanded with directions to dismiss the counterclaims of the parents.

---

1. On April 5, 1984, the General Assembly amended section 19–3–102, 8 C.R.S. (1978), to include an additional subsection. Children's Code, ch. 139, sec. 3, § 19–3–102(4), 1984 Colo. Sess. Laws 559, 559–60 (codified as amended at section 19–3–102(4), 8 C.R.S. (1984 Supp.)). The new subsection provides:

No counterclaim, cross-claim, or other claim for damages may be asserted by a respondent in an action alleging the dependency or neglect of a child, but nothing in this subsection (4) shall be construed to prohibit a respondent from asserting a claim for damages in an action independent of an action alleging the dependency or neglect of a child.