## No. 12,066.

### WILSON, ET AL. *v.* VAN ZANT, ET AL.

Decided February 18, 1929.  Rehearing denied March 11, 1929.

Mr. B. C. HILLIARD, Mr. B. C. HILLIARD, JR., Mr. RICHARD WOLFE, for plaintiffs in error.

Messrs. ROGERS, JOHNSON & ROBINSON, Mr. PERCY ROBINSON, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as plaintiffs, and defendants in error as defendants. Plaintiffs were the sister and brother of one Thomas Wolfe who died testate. Richard objected to the probate of the will and his objections were stricken. Both plaintiffs made demand that the question of its authenticity be submitted to a jury. That demand was denied. Assigning these rulings as error this writ is prosecuted to review the judgment of probate.

Defendant Gregg, named in the will as executor, petitioned for letters, and citation was issued for probate hearing on March 14, 1927. On that day the citation was returned bearing the following "waiver": "We, and each of us, hereby waive service of the within citation and consent that the instrument of writing purporting to be the last will and testament of said deceased may be admitted to probate and record without further notice to us, and we also hereby expressly waive notice of and consent to, all orders and further proceedings that may be taken in connection with the administration of said estate." Affixed thereto were the signatures of plaintiffs, and others. On the same day Richard Wolfe filed his caveat, alleging therein that the estate was of the approximate value of $50,000, and objecting to the probate because at the time of the signing of said will the testator had long been in ill health, was then of unsound mind, and was the victim of the undue influence of certain named beneficiaries, and concluding with demand for a jury. Defendants moved to strike this caveat because of the said "waiver." March 21, Richard Wolfe filed a withdrawal of his consent to probate and proceedings, and March 28 he filed an affidavit reciting that he had intended only to waive notice and that he had thereafter learned facts concerning the alleged undue influence. On the last mentioned date plaintiff Wilson filed her revocation of said waiver, and her demand for a jury. Final hearing was had on these questions April 4, following. Wilson's motion to withdraw her waiver was granted, but Richard Wolfe's was denied. Both demands for a jury were refused "because no reason is given." Richard Wolfe's caveat was stricken, and thereupon the testimony of the subscribing witnesses was taken and the will admitted to probate.

Section 5211, C. L. 1921 provides that "on or before the day" of hearing anyone interested and who desires to contest shall file "objections, in writing," which shall be subject to demurrer, motion, amendment and answer.

Such objections shall be divided into those of fact and those of law. The former "shall first be tried by a jury, unless waived, according to the practice in civil actions."

It is clear that the probate court struck the caveat of Richard Wolfe because of his waiver, and denied a jury because no question of fact, raised by "objections in writing" remained to be submitted. The authorities now relied upon to support the court's order are doubtless those which prompted its entry. They are: *Deutsh v. Rohlfing,* 22 Colo. App. 543, 126 Pac. 1123; *Camplin v. Jackson,* 34 Colo. 447, 83 Pac. 1017; *Bigler v. Bigler,* 82 Colo. 463, 260 Pac. 1081; *Farwell v. Carpenter,* 161 Ia. 257, 142 N. W. 227; *In re Lloyd's Will,* 161 N. C. 557, 77 S. E. 955; *Reichard v. Izer,* 95 Md. 451, 52 Atl. 592.

In each of these cases there was in evidence that indispensable element of estoppel; i. e., some act induced by the conduct of one who later sought to take an inconsistent position. In the instant case that element is entirely absent. In each of the Colorado cases the will had actually been probated by the consent of the objector. In the Maryland case he had charged that the position taken by another was false and having ousted him on that ground, sought to take his place. In the Iowa case, after having brought about the actual distribution of property he sought to contest it. In the North Carolina case he sought to object after property had been sold under a decree induced by his silence when he should have spoken. No one of these authorities is in point. Plaintiffs here sought to withdraw their waiver before any action could be taken thereon. No order had been entered, no right lost, no position altered, and no person prejudiced by reason of it. So far as Richard Wolfe is concerned his waiver never had a moment's life. Its appearance in court and its repudiation by his caveat were simultaneous. We have been cited to no authority, and have found none, which would preclude an heir under such circumstances from contesting the validity of a will. If this caveat fulfilled the requirement of the statute, as we

think it did, plaintiffs were of course entitled to a jury, and no other question is raised by this record.

The judgment is accordingly reversed and the cause remanded with directions to the county court to proceed in harmony herewith.