No. 13,354.

ESTATE OF McCARDLE.
FORD *v.* DONAHUE.
(35 P. [2d] 850)

Decided June 25, 1934.

Mr. W. O. PETERSON, for plaintiff in error.

Mr. A. T. STEWART, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

JUDGMENT of dismissal of caveat to a will. Error is assigned.

It appears that one Mary O'Rourke McCardle, or Mc-Ardle, departed this life August 21, 1932; that she left a last will and testament in which Josephine B. Donahue was made sole devisee and legatee; that to Mrs. Donahue's petition for admission of the will to probate Grace McArdle Ford, alleging that she was decedent's step-daughter, filed a caveat, in which she charged that "decedent did not possess the requisite mental capacity to make a will at the time of the purported execution of the will offered for probate"; that to the caveat the proponent of the will demurred on the ground it appeared the caveator did not have legal capacity to object to the probate of the will, which was sustained; that caveator elected to stand on her caveat, and suffered the judgment of which she complains.

We think the court did not err. "The purpose of a proceeding to contest a will is to divest the legatees and devisees of rights in the estate of the testator, and vest the property in his heirs at law, or in the beneficiaries named in another will." 28 R. C. L., p. 393, §401. See, also, *In Re Shapter's Estate,* 35 Colo. 578, 586, 85 Pac. 688, 117 A. S. R. 216, 6 L. R. A. (N. S.) 575; *Braeuel v. Reuther,* 270 Mo. 603, 193 S. W. 283. The allegations of the caveat show that had decedent died intestate, caveator did not sustain relation to the decedent entitling her to an interest in the estate under the statute of descents and distributions. C. L. 1921, §5151. There was absence of allegation of the existence of another will. It is true, as claimed, that section 5211 does not say that one contesting a will must show legal interest in the estate of which the proffered will makes disposition, but such legislative intent appears from section 5212, for there provision is made for the trial of preliminary issues, among which the "interest of the caveator" is mentioned. Interest in the estate must appear. 28 R. C. L., p. 386, §389. See, also, *Wilson v. Van Zant,* 85 Colo. 276, 275 Pac. 905.

Since, as we have seen, caveator's objections to the will made clear her lack of interest, the resulting issue was properly raised and determined on demurrer. 28 R. C. L., p. 398, §406.

██ Counsel for caveator contends, however, that decedent stood in loco parentis to caveator, hence the latter has an interest which can be maintained in the manner of this proceeding. The dates employed in caveator's pleading show that she is an adult, and as she failed to allege mental or physical incapacity the relation of loco parentis may not be deduced. 46 C. J., p. 1334, §174. The contention is untenable in any event, for loco parentis has to do with custody, liability for support, and the like. 46 C. J., pp. 1334-1341. It is not, as argued, to be likened to adoption. The one is temporary in character, the other permanent and abiding. *McDonald v. Texas Employers' Ins. Ass'n* (Tex.), 267 S. W. 1074. Let the judgment be affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.