## No. 16,473.

ESTATE OF CHANCE.
ISENBART *v.* JOHNSON, ADMINISTRATOR.
(238 P. [2d] 879)

Decided November 5, 1951. Rehearing denied December 10, 1951.

Mr. FRANK A. SAFRANEK, Mr. GEORGE M. GIBSON, for plaintiff in error.

Mr. DEAN JOHNSON, for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

We shall hereinafter refer to plaintiff in error as caveator, to the defendant in error, Conley, as proponent, and to Willie Eugene Chance as decedent. Johnson, administrator to collect, is only a nominal party in this action.

Proponent filed a petition in the county court of Kit Carson county, Colorado praying that the last will and testament of decedent, who died October 2, 1948, be admitted to probate and record. In this instrument proponent was named as the sole legatee and devisee of decedent. Usual proceedings were had preliminarily to a hearing on this petition and caveator filed objections to the probate of decedent's will alleging that she is the fiancee and sole beneficiary of decedent and is entitled, as such sole *heir* under a subsequent will of decedent, to his entire estate. She further alleged that "sometime prior to his death the deceased renounced the purported last will and testament" presented by proponent and "executed a new and subsequent last will and testament," a copy of which is reproduced and hereunto attached, and marked Exhibit 1; that "she believed that this subsequent will was in the possession and among the papers of decedent at the time of his death, and that the same was not produced by the proponent." She prayed that the will presented by proponent be denied probate, and that the will described in Exhibit 1, attached to the caveat, be admitted to probate and record.

Exhibit 1 reads as follows:

"Exhibit 1."

"Last Will and Testament of Eugene Bill Chance.

Know All Men by These Presents, that I, Eugene Bill Chance of Seibert, County of Kit Carson, State of Colorado, being of sound mind and memory, do make, declare and publish this to be my Last Will and Testament hereby revoking all former Wills by me made.

### First

I direct that all my just debts be paid by my executrix hereinafter named.

### Second.

I give and bequeathe to my fiancee Margaret Isenbart, all of the residue of my estate, real, personal and mixed as her absolute property.

### Third.

I hereby appoint Margaret Isenbart as my executrix to administer my estate according to law and the terms of this my last Will and Testament.

In witness whereof, I have hereunto subscribed my name this_____day of_____1948.

---

We, the undersigned do hereby certify that Eugene Bill Chance the testator subscribed his name to this instrument in our presence and in the presence of each of us and declared at the same time in our presence and hearing that this instrument was his Last Will and Testament and we at his request signed our names hereunto in his presence as attesting witnesses.

| Witness | Address |
|---|---|

| Witness | Address |
|---|---|

A motion to dismiss the caveat was filed by proponent on the ground that the same "fails to state a claim against proponent, or other grounds upon which relief can be granted."

This motion was sustained by the county court and on appeal to the district court a like order was made and caveator seeks a reversal.

■ The sole question involved in this proceeding concerns the right or interest of the caveator to object to the probate and record of the will presented by the proponent. She is not an heir at law, but bases her right on Exhibit 1 above set forth. The allegation of the caveator that the decedent had renounced the will of-

fered for probate by proponent was insufficient to show that decedent had revoked that will.

Section 40, chapter 176, '35 C.S.A., as amended by chapter 341, S.L. '47, sets forth the only manner by which a will may be revoked. It provides: "A will shall be revoked by, and only by, the subsequent marriage of the testator, or by burning, tearing or obliterating the said will by the testator himself, or in his presence and by his direction and consent, or by some other will or codicil in writing, or other writing, *declaring such revocation, executed, declared and attested as provided in Section 39* of this Chapter; * * * " (Emphasis supplied).

Caveator did not allege facts to bring the so-called "renunciation" within the terms of this statute.

It is true that caveator alleged that some time prior to decedent's death he executed a new and subsequent will and testament which she believed was in the possession and among the papers of decedent at the time of his death. Nowhere in the caveat is there any averment that this will was in existence at the time decedent died.

Apparently the caveator seeks in this proceeding to set up and prove a lost will. She alleged that decedent executed a new will and that the proponent went through decedent's papers after his death and did not present the new will for probate, although this alleged new will was "believed to have been among such papers at the time of his death." Caveator apparently seeks relief on the theory that the will which she believed to be in existence has been lost, stolen, or deliberately destroyed.

Amended section 57 of chapter 176, '35 C.S.A. (S.L. '47 chapter 341, p. 936) relates to proof of a lost will and it is therein stated that such an instrument may be admitted to probate and record as in other cases, and requires that the names of the witnesses to the will be set forth in the order admitting the will to probate, and further provides "that no will shall be admitted to

probate upon proof of the contents thereof unless it shall be proven that the same was in existence at the time of the death of the testator." In the caveat there was no allegation concerning the due and proper making, publication and declaration of the so-called subsequent will.

Exhibit 1 is undated, unsigned, and does not bear the names of any witnesses to the due making and publication thereof. The sole allegation upon which caveator bases her right to have Exhibit 1 admitted to probate and record is the statement that at some indefinite time decedent "executed" the same, and that proponent "believed" it was in the possession and among the decedent's papers at the time of his death.

In *Ford v. Donahue,* 95 Colo. 250, 35 P. (2d) 850 and *Dominguez v. Booth,* 101 Colo. 192, 72 P. (2d) 276, we held that the question of the interest of the caveator and his right to maintain a will contest may properly be raised and determined on demurrer. In the instant case the motion to dismiss challenged the caveator's right and interest to maintain her contest upon any ground stated in her caveat. It was her duty to allege with sufficiency her right to contest the will of decedent and at least make a prima facie showing of this right in order to maintain her standing in court.

This she did not do.

The judgment is affirmed.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE STONE dissent.