No. 18,726.

LESTER B. JONES, PETITIONER, ETC. *v.*
PETER KOULOS, ET AL.
(349 P. [2d] 704)

Decided February 29, 1960.

Mr. JOHN C. BANKS, Mr. FRANK A. ELZI, Mr. ARTHUR E. RYMAN, JR., for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error was petitioner and defendants in error were respondents in the trial court. The parties will be referred to as they there appeared, or by name.

Petitioner, representing an agency of the Denver Department of Welfare, filed a petition in dependency wherein it was alleged that Jon Paul Koulos is a dependent and neglected child for the reason, among others, that he does not have proper parental care.

The petition named as respondents, Peter Koulos, Charlotte Koulos, Charmaine McEnery and Frederick McEnery. Of the four respondents only the McEnerys appeared.

Hearing was had on the petition and at the conclusion of petitioner's evidence the trial court found that the child is not dependent and neglected and ordered the petition dismissed. Petitioner is here by writ of error and urges for reversal that the child is dependent and neglected for the reason that he has been abandoned, lacks proper parental care, and other reasons not here pertinent.

The facts as disclosed by the record are as follows: Charlotte Koulos is the mother of Jon Paul Koulos, hereinafter referred to as Jon, who was born in Denver, Colorado, August 20, 1956. At that time Charlotte Koulos was married to Peter Koulos who has denied that he is Jon's father.

Shortly after Jon's birth the mother and child moved into the home of Frederick McEnery and Charmaine McEnery. At that time the McEnerys were not married but were living together, being married some four months thereafter. After living with the McEnerys for

approximately one month the mother moved away leaving Jon with the McEnerys and making no provision for his support.

In October 1956, Jon became ill and required hospitalization. The mother was contacted by the McEnerys but expressed no interest in the child's welfare, and has at all times refused to contribute to his support.

On September 21, 1957, Charlotte Koulos gave birth to a second child and again moved into the McEnery home. She was subsequently accused of being in love with Mr. McEnery and asked by Mrs. McEnery to leave. She abandoned her second child who was later decreed dependent and neglected by the juvenile court and placed in the custody of the agency represented by petitioner.

When the instant petition in dependency was filed, respondent Peter Koulos was confined in the federal penitentiary at Fort Leavenworth, Kansas, and the mother's whereabouts were unknown.

The trial court in dismissing the petition in the present case, stated in part:

"This is a rather peculiar case, although I think the motion to dismiss is good. Now, this is a dependency case. I think time and time again the Supreme court has ruled it has to be very direct evidence that the child is neglected and dependent and in this case as I see it now, the mother placed the child with these people some time ago. Is there any law against placing a child directly with strangers?

\* \* \*

"The Supreme Court has ruled that the Juvenile Court has no particular right to move in unless the evidence is there. I think maybe, Mr. Elzi, you should appeal this. Can the Court move in merely because the mother places a child with strangers? I don't know. I doubt it. The petition in dependency is dismissed — motion granted."

It is undisputed that the child has been aban-

doned by his natural parents. Therefore, the error by the trial court consisted in the finding that the child had been placed with the McEnerys. In *Diernfeld v. People,* 137 Colo. 238, 323 P. (2d) 628, wherein this court cited with approval *Ziemer v. Wheeler,* 89 Colo. 242, 1 P. (2d) 579, and also *Peterson v. Schwartzmann,* 116 Colo. 235, 179 P. (2d) 662, there was no evidence of abandonment such as revealed by the evidence herein. As we said in the Diernfeld case, if "through arrangements made by the parent, the child is being cared for by those who have a genuine interest in its welfare, the fact that the mother has sought out and procured proper care for the child is evidence that the parent is not neglecting the child. It is also evidence of proper concern for the child and tends to establish that the child was not abandoned and left homeless."

A fortiori in the present case where the mother has disappeared after refusing to support Jon, where the alleged father is in the penitentiary, and where the child has been abandoned in the care of strangers who are in no way related to the natural parents or said child, the same rule would not apply. Strangers are under no legal obligation to care for and support the child.

By the mere act of dismissing the petition in dependency the trial court did not decree custody of the child to the McEnerys, for custody in cases such as this can only be determined after the child has been decreed dependent and neglected. *Arnett v. Northern, et al.,* 118 Colo. 307, 194 P. (2d) 909. The McEnerys are under no legal obligations to care for Jon although they would be if awarded custody or decreed legal guardians after the child has been declared dependent and neglected. C.R.S. 22-1-9.

This court has held that a child placed with relatives or friends does have proper parental care when the parent or parents have "sent gifts of clothing, money, food, household items, toys and medical supplies to"

the child, and have frequently visited and communicated with the child. *Foxgruber v. Hansen,* 128 Colo. 511, 265 P. (2d) 233. This and similar cases are unlike the present case. In those cases the natural parents did provide the child involved with parental care under the circumstances disclosed. Not so in the instant case where the child has been abandoned by his natural parents, completely divorced from their care and support and "given" to strangers.

The judgment of the trial court is reversed with directions to decree the child dependent and neglected and thereafter to proceed according to applicable statutory provisions.