18474

Virginia S. CHESTNUT, Respondent, v. Cadell C. CHESTNUT, Appellant

(147 S. E. (2d) 269)

*Messrs. Frank E. Cain, Jr.,* of Bennettsville, and *John H. Wrighten,* of Charleston, *For Appellant,*

*Respondent not represented by counsel.*

March 10, 1966.

LEWIS, Justice.

The defendant has appealed from an order of the lower court requiring him to contribute to the support of a foster child. The defendant separated from his wife and left the home where he had previously supported the child, and the question to be decided concerns his obligation to continue such support after the separation.

This action was instituted on September 9, 1965, in the County Court for Marlboro County, by the plaintiff against her husband to require him to provide support for Charles Cadell Chestnut, the 15 year old foster child of the parties. The child was born of lawfully wedded parents and was left by his mother in the custody of plaintiff and defendant shortly after his birth in 1950. His parents were apparently separated at that time and the exact whereabouts of the natural father is unknown. The child was never adopted by the plaintiff and defendant but was given the family name of Chestnut and voluntarily supported by the defendant as a member of his family until he and the plaintiff separated several years ago. The child has been living with the plaintiff since the separation.

The order of the lower court, requiring the defendant to support the foster child, was based upon a finding that the defendant assumed such obligation by providing for him in the home as a member of the family, and that such obligation, once assumed, could not be divested by the separation of the plaintiff and defendant.

The record in this case is very meagre. We have assumed for the purposes of this decision that the defendant, while living with his family, placed himself in *loco parentis* to the child. The obligations assumed by the defendant when he placed himself in such relationship need not be set forth. For whatever these obligations were, they were, under this record, of a temporary nature and terminable at will. The child was not adopted, nor is there present any agreement or other circumstance which would warrant a holding that any obligation of the defendant to the child was a permanent one.

The applicable principles were thus stated in *State ex. rel. Gilman v. Bacon,* 249 Iowa 1233, 91 N. W. (2d) 395, 399:

"One important qualification is that one merely standing in the place of a parent may abandon the burdens attendant upon such status at any time. 67 C. J. S. Parent and Child § 80, pages 808, 809; *Menefee v. Chesley,* 98 Iowa 55, 59, 66 N. W. 1038, 1040. In *McDonald v. Texas Employers' Insurance Association,* Tex. Civ. App., 267 S. W. 1074, 1076, it is said: '* * * the status of one in *loco parentis* is temporary, and may be abrogated at will by either the person thus standing in *loco parentis* or by the child.' To the same effect is this language from *In re McCardle's Estate,* 95 Colo. 250, 35 P. (2d) 850, 851: 'It (*loco parentis*) is not, as argued, to be likened to that of adoption. The one temporary in character, the other permanent and abiding.' See also *Schneider v. Schneider,* 25 N. J. Misc. 180, 52 A. (2d) 564, 566."

The actions of the defendant, in separating from his wife and refusing to further keep the child under his care, con-

stituted a termination of any legal obligation that he might have owed to the child.

The judgment of the lower court is accordingly reversed and the cause remanded for entry of judgment in favor of the defendant.

Moss, Acting C. J., BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting J., concur.