580 P.2d 836 (1978)
The PEOPLE of the State of Colorado in the Interest of P. D., formerly M. A. D., a child and concerning M. C. D. a/k/a M. C. H. and J. R. D.
D. L. G., Petitioner-Appellant,
v.
M. G., Respondent-Appellee.
No. 77-395.
Colorado Court of Appeals, Div. III.
June 1, 1978.
Benjamin R. Loye, P. C., Wheatridge, for petitioner-appellant.
Myers, Woodford & Hoppin, P. C., L. Thomas Woodford, Denver, for respondent-appellee.
KELLY, Judge.
This appeal presents as an issue of first impression the question whether a person who initiates a dependency or neglect action and obtains legal custody of a child must continue to serve as legal custodian and provide support after losing physical custody of the child in a dissolution of marriage action. We conclude that he does not, and reverse the judgment.
In 1972, D. L. G., the petitioner, filed an action on behalf of the People of the State *837 of Colorado alleging that P. D., a child, was dependent or neglected, and requesting that the rights of her natural parents be terminated. The child's natural parents were served with notice by publication and did not appear to contest the action. The child was adjudicated to be dependent or neglected, the rights of her natural parents were terminated, and her legal and physical custody were given to the petitioner and his wife, M. G.
Before any adoption proceedings were initiated, an action to dissolve the marriage of the petitioner and his wife was initiated. In 1973, the petitioner filed a motion in the juvenile court seeking to terminate his custody of the child, alleging that his wife was the child's maternal aunt, that temporary orders in the dissolution of marriage action gave her custody of the child, and that the child had not been in his physical custody for more than a year. Because it was petitioner who had initiated the dependency or neglect action and caused the rights of the child's natural parents to be terminated, the trial court denied his motion.
The permanent orders entered in the dissolution action gave custody of the child to the wife, and, based on the custody provision of the dependency or neglect action, the petitioner was ordered to pay child support. [1]
In 1976, D. L. G. filed the petition to terminate custody which is the subject of this appeal. He alleged that he did not have physical custody of the child; that he was no longer married to M. G.; and that, pursuant to § 19-3-115(4)(a), C.R.S.1973, the order in the dependency or neglect action, placing the child in his and M. G.'s custody, automatically terminated, since it had been entered over two years earlier. This petition was opposed by M. G. and was denied by the juvenile court upon its finding that the custody order emanating from the dependency or neglect proceeding is a continuing one which remains in full force and effect until changed by court order or by the child's reaching the age of majority. D. L. G. appeals, contending the court erred in denying his petition to terminate custody, thereby requiring him to provide support for the child. We agree.
We do not reach the petitioner's contention that the custody order in the dependency or neglect action automatically terminated two years after it was entered, and for the purposes of this appeal, we assume its continuing validity. Nevertheless, absent a decree of adoption, the petitioner cannot be compelled to support P. D., and the court abused its discretion in denying his petition to terminate his legal custody of P. D.
Under § 19-3-115(1)(a), C.R.S.1973, a person given legal custody of a child has the rights and duties defined in § 19-1-103(19)(a), C.R.S.1973, including the "right to the care, custody, and control of a child and the duty to provide food, clothing, shelter, ordinary medical care, education, and discipline for a child and, in an emergency, to authorize surgery or other extraordinary care."
A child's legal custodian, as defined in § 19-1-103(19)(a), C.R.S.1973, stands in loco parentis to the child, and is one who assumes the status and obligations of a parent without the formality of an adoption proceeding. See 67 C.J.S. Parent & Child § 71. "[L]oco parentis has to do with custody, liability for support, and the like. . . It is not, as argued, to be likened to that of adoption. The one is temporary in character, the other permanent and abiding." Ford v. Donahue, 95 Colo. 250, 35 P.2d 850 (1934).
A petition in dependency cannot be converted into an adoption proceeding. See People in the Interest of S. S. T., Colo.App., 553 P.2d 82 (1976). And legal custody, unlike adoption, is not, under our statutes, meant to create a permanent status. See Chavez v. Shea, 185 Colo. 400, 525 P.2d 1148 (1974) (one who stands in loco parentis is not an adoptive parent); Ford v. Donahue, supra.
Generally, one standing in loco parentis may at his election be relieved of that *838 status and the attendant obligations at any time. See State ex rel. Gilman v. Bacon, 249 Iowa 1233, 91 N.W.2d 395 (1958); Sargeant v. Sargeant, 88 Nev. 233, 495 P.2d 618 (1972); D. v. D., 56 N.J.Super. 357, 153 A.2d 332 (1959). In this respect, the status of a legal custodian may be likened to that of a stepparent. According to H. Clark, Domestic Relations § 6.2 (1968):
"In the absence of statute, the common law refused to impose any liability of support upon stepparents, except where the stepparent voluntarily takes the child into the family and assumes the duty of support. Even in this latter case, however, the stepparent may end his obligation of support at will. If he ceases to maintain the stepchild, or separates from the family, he can no longer be held responsible. The same principles apply to other persons standing in loco parentis." (footnotes omitted) See also Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337 (1953), in which it was held that a grandfather who had been given custody of his grandchild by a court decree was not legally required to support the child following the dissolution of his marriage in which custody of the child was given to his former wife.
One who accepts legal custody of a dependent child does so on behalf of the State. See Murley v. Murley, 124 Colo. 581, 239 P.2d 706 (1951); People in the Interest of M. D. C. M., 34 Colo.App. 91, 522 P.2d 1234 (1974). And, while a public agency can be forced to accept legal custody of a child and assume the responsibilities enunciated in § 19-3-115(1)(a), C.R.S.1973, see People in the Interest of R. J. G., Colo.App., 557 P.2d 1214 (1976) aff'd sub nom., City and County of Denver v. Brockhurst Boys Ranch, Colo., 575 P.2d 843 (1978), we hold that legal custody of a child, with its attendant duties, may not be imposed upon an unwilling person who is not the child's parent. Here, absent the dependency or neglect order vesting legal custody in the petitioner, he would have no legal obligation to care for or to support P. D. See Jones v. Koulos, 142 Colo. 92, 349 P.2d 704 (1960).
While the petitioner voluntarily accepted the legal custody of P. D. after she was declared dependent or neglected, he did not undertake a permanent obligation. Under these circumstances, the juvenile court abused its discretion in denying D. L. G.'s petition to terminate his legal custody of P. D.
The judgment is reversed and the cause is remanded with direction to the trial court to vacate the custody order as to D. L. G.
PIERCE and SMITH, JJ., concur.
NOTES
[1] In this connection, see § 19-1-104(5)(a), C.R.S.1973.