**The PEOPLE of the State of Colorado,**
**Petitioner-Appellee,**

**In the Interest of F.M., a Child and**
**Concerning, M.M. and L.M.,**
**Respondents,**

**and**

**P.M., Respondent-Appellant.**

**No. 79CA0171.**

Colorado Court of Appeals,
Div. II.

March 27, 1980.

J. Robert Lowenbach, Earl G. Rhodes, Asst. Weld County Attys., Greeley, for petitioner-appellee.

Gayle L. Lalich, Zane M. Pic, Colorado Rural Legal Services, Inc., Greeley, for respondent-appellant.

SMITH, Judge.

Alleging that the trial court erred in adjudicating his grandchild dependent and neglected, and in terminating the parental rights of his daughter with respect to his grandchild, respondent, the child's grandfather, appeals the orders of the trial court. We affirm.

Early in July 1977, when the child, F.M., was approximately two months old, M.M., the mother of the child, left him with P.M. and L.M., the child's grandfather and aunt respectively. On July 17, 1977, the child was hospitalized where he remained until July 25. At the time the child was taken to the hospital, he was suffering from malnutrition and acute tracheal-bronchitis.

On July 25, 1977, the Weld County Department of Social Services filed a petition, naming the mother as respondent and alleging that F.M. was a dependent or neglected child. By court order the department took protective custody of the child on August 5, 1977. On August 25, 1977, the grandfather, and the child's aunt, sought and were granted the right to intervene in the proceeding.

The case was continued, and on April 20, 1978, after hearing, the court found that because of the acts or omissions of the mother, the child lacked proper care necessary for its health, guidance, and well-being. The court further found that the mother had abandoned the child to the child's grandfather, and that the grandfather was not a person who could provide adequate care for the child. The court then adjudicated the child to be dependent and neglected. At that time, temporary custody was continued in the director of the Weld County Department of Social Services.

On September 6, 1978, *nunc pro tunc* August 28, 1978, the court terminated the parent-child relationship, vis-a-vis its mother, and placed custody in the Director of the Weld County Department of Social Services.

On September 14, 1978, the child's grandfather moved for a new trial. The motion was denied. Although the grandfather appeals, the child's mother and aunt do not.

I.

The People assert that because the motion for a new trial was not filed within ten days after the entry of the decree of dependency and neglect, the appeal is not properly before this court. We disagree.

■ A motion for new trial is not required until after entry of a final order. The adjudication of a child as dependent and neglected, in the absence of some sort of dispositional order is not a final order. *People in the Interest of B.W.*, Colo.App., 601 P.2d 1086 (1979). Because appeal was not appropriate after the adjudicatory stage of the proceeding, and because the appeal was initiated by the filing of the appropriate motion within ten days of entry of the dispositional order terminating parental rights, the appeal is proper.

II.

The grandfather asserts that because of the care which the child was receiving from him and the aunt, the Juvenile Court either lacked jurisdiction over the child or erred in adjudicating the child to be dependent and neglected. We disagree.

■ When a child has been abandoned by its parents, a court may find that the child is dependent and neglected, notwithstanding the fact that the child may be currently receiving adequate care from other persons. *Jones v. Koulos*, 142 Colo. 92, 349 P.2d 704 (1960). In *Jones* the supreme court distin-

guished situations in which a child is placed with another individual and situations in which a child is abandoned to the care of another individual. The *Jones* court further noted that a child placed with relatives or friends does have proper parental care when the parent sends gifts of clothing, money, food, household items, toys, and medical supplies to the child, and frequently visits and communicates with the child.

In the case at bar, the evidence reveals that the child was abandoned to the care of the grandfather and the aunt and that it was not "placed" with them. The mother had virtually no contact with the child. She failed to comply with a court approved plan intended to reunite her with her child; she failed to appear at the adjudicatory hearing even though she was provided by the Department of Social Services with bus transportation to the hearing; and although she used the ticket for transportation to Colorado, she failed to keep an appointment to visit with the child. The evidence disclosed that the child was ill and suffering from malnutrition when removed from the grandfather's home. We conclude, then, that the trial court did not err in adjudicating the child to be dependent and neglected, and that the grandfather's assertion that the court lacked jurisdiction over the child because the child was not dependent and neglected is without merit. Section 19–1–104(1)(c), C.R.S.1973 (1978 Repl.Vol. 8).

### III.

The grandfather also asserts that the trial judge erred in failing to recuse himself from this case. We disagree.

The grandfather filed a motion and affidavit seeking to have the trial judge recuse himself on the grounds of bias and prejudice. These, however, were not filed until after the hearing on adjudication and entry of the order of the court terminating parental rights. The motion was not timely filed, and thus the grandfather cannot now object to the trial judge's having heard this matter. *Aaberg v. District Court*, 136 Colo. 525, 319 P.2d 491 (1957).

Because the motion and affidavit were filed at the same time as the motion for new trial, they were tantamount to a request for new trial on the basis that the judge was prejudiced and that such prejudice influenced the result. They apprised the trial court of the issue they now assert as error; the matter of prejudice has thus been preserved for appellate review. *See Insurance Specialists, Inc. v. Sandefur*, Colo.App., 590 P.2d 518 (1979).

We have analyzed the record including the transcript of the evidence as well as the statements of the trial judge in rendering his rulings, and we have concluded that the result reached by the trial court does not demonstrate prejudice on the part of the trial judge against the grandfather. *See People In the Interest of H. A. C. v. D. C. C.*, Colo., 599 P.2d 881 (1979).

The orders are affirmed.

PIERCE and STERNBERG, JJ., concur.