The PEOPLE of the State of Colorado, In the Interest of J.H., a child, Upon the Petition of Department of Social Services, Petitioner–Appellant,

and Concerning

J.H. and M.H., Respondents–Appellees.

No. 88CA0297.

Colorado Court of Appeals, Div. I.

Jan. 19, 1989.

Rehearing Denied Feb. 16, 1989.

Mitchell & Foncannon, P.C., Scott R. Foncannon, Rocky Ford, for petitioner-appellant.

Roberta Strohson, Colorado Rural Legal Services, Inc., La Junta, Guardian Ad Litem.

No Appearance, for respondents-appellees.

MARQUEZ, Judge.

In this dependency and neglect proceeding concerning the child, J.H., petitioner, the Otero County Department of Social Services (Department), appeals the trial court's decree of disposition in which it placed legal and physical custody of the child with R.J. in R.J.'s private home and ordered the Department to provide reimbursement to R.J. for the costs of that placement. It also appeals the denial of its motion to alter or amend the decree and its motion to dismiss. We affirm.

The Department filed a petition in dependency and neglect in October 1987. Following entry of its decree of adjudication of dependency and neglect, the court in January 1988 entered its decree of disposition upon finding and concluding that the Department had no suitable location in the county for the child; that the child should remain in the community; and that placement of the child in the private home of R.J. would most appropriately meet the needs of the child, the family, and the community. The court also found that a positive beneficial relationship did not exist between the child and the Department and concluded, based upon evidence presented in this matter and in a separate delinquency action concerning J.H., that it would be impossible for there to be a working relationship between J.H. and the Department.

Thus, the court ordered that legal custody of J.H. be placed with R.J., that protective supervision be provided by the Bent County Department of Social Services, and that the Otero County Department provide reimbursement to R.J. "at the usual rate paid by it for foster care for children placed by it," with reimbursement by the child's parent as her ability permits.

The Department contends that the trial court erred in ordering it to pay foster care fees when legal and physical custody of a child are placed in a private home not a licensed family care home or other child care facility. We disagree.

The Department does not dispute the placement of J.H. in the private home. The Department concedes, moreover, that the court could order the Department to accept legal custody of the child and assume the duty of her support. However, the Department argues that since the trial court chose not to place legal custody of the child with the Department, the latter is without the duty or obligation to support the child and the court is without the statutory authority to impose such a duty of support on the Department. We reject these arguments.

The juvenile court has legal and equitable powers to effectuate its jurisdiction

and carry out its orders, judgments, and decrees. Section 13–8–102, C.R.S. (1987 Repl.Vol. 6A).

A stated purpose of the Colorado Children's Code is to secure for each child such care and guidance as will best serve his welfare and the interests of society, and the Code is to be liberally construed so as to fulfill this purpose. Sections 19–1–102(1) and (2), C.R.S. (1988 Cum.Supp.)

The juvenile courts have exclusive jurisdiction concerning any child who is dependent or neglected, § 19–1–104(1)(b), C.R.S. (1988 Cum.Supp.), and may place the child in the legal custody of a suitable person under such conditions as the court deems necessary and appropriate. Section 19–3–508, C.R.S. (1988 Cum.Supp.). The paramount and controlling question by which courts must be guided in proceedings affecting the custody of a child is the interest and welfare of the child. *City & County of Denver v. Juvenile Court,* 182 Colo. 157, 511 P.2d 898 (1973).

The Colorado Social Services Code has as its purpose the promotion of the public health and welfare by providing through the state and county departments of social services, among other things, child welfare services. Section 26–1–102(1), C.R.S. (1982 Repl.Vol. 11). Section 26–5–101(1), C.R.S. (1988 Cum.Supp.) defines "child welfare services" as:

> "the provision of necessary shelter, sustenance, and guidance to or for children who are ... *neglected* or *dependent,* as defined in section 19–3–102, C.R.S." (emphasis added)

Entitled "Provision of child welfare services," § 26–5–102, C.R.S. (1988 Cum.Supp.) provides, in pertinent part, that:

> "Upon appropriate request and within available appropriations, child welfare services *shall* be provided for any child residing or present in the state of Colorado who is in need of such services." (emphasis added)

Considering that the welfare of a child is a matter of statewide concern, *City &*

*County of Denver v. Juvenile Court, supra,* and that the county departments are agents of the state in fostering this concern, § 26–1–118, C.R.S. (1982 Repl.Vol. 11), we conclude that the General Assembly intended to vest the courts with the authority to direct the local social services departments to provide child welfare services, including reimbursement for the costs of private placement, when necessary to protect the welfare of children. *See Denver v. Brockhurst Boys Ranch,* 195 Colo. 22, 575 P.2d 843 (1978); *People in Interest of M.A.G.,* 732 P.2d 649 (Colo.App.1986). To hold otherwise, under circumstances such as presented here, would hinder the court from providing for the best interests of the child whenever it would be impracticable for the social services department to be further involved with the child.

The Department's reliance upon §§ 19–1–115(1)(a) and 19–1–103(18), C.R.S. (1988 Cum.Supp.) is misplaced. The former provides that "[a]ny individual, agency, or institution vested by the court with legal custody of a child shall have the rights and duties defined in section 19–1–103(18)." The latter defines "legal custody" as:

> "the right to the care, custody, and control of a child and the *duty to provide* food, clothing, shelter, ordinary medical care, education, and discipline for a child and, in an emergency, to authorize surgery or other extraordinary care." (emphasis added)

The thrust of the Department's argument is that since it does not have "legal custody" it cannot have the duty to provide for the needs of the child.

In support of its arguments, the Department cites *Jones v. Koulos,* 142 Colo. 92, 349 P.2d 704 (1960) and *People in Interest of P.D.,* 41 Colo.App. 109, 580 P.2d 836 (1978). However, these cases are not controlling. In *Jones v. Koulos, supra,* the court held that strangers with whom the child's mother had left the child were under no legal obligation to care for the child, although they would be if awarded custody of the child. In *People in Interest of P.D.,*

*supra,* we held that, absent an order vesting legal custody in a person not the child's parent, such person would have no legal obligation to care for or support the child. The obvious distinction is that those cases involved individuals, whereas this matter concerns a public agency of the state.

We conclude, therefore, consistent with the stated policies of both the Children's Code and the Social Services Code, that under these circumstances the court is authorized to require the Department to provide for the cost of private placement when it determines that the best interests of the child will be served by doing so, and that such authority exists even when legal custody is not granted to the Department.

The decree of disposition and order are affirmed.

PIERCE and HUME, JJ., concur.