**In re the MARRIAGE OF Laurine Kay BONIFAS, Appellee,**

**and**

**Stephen John Bonifas, Appellant,**

**and Concerning A.R.C., a Child.**

**No. 93CA0933.**

Colorado Court of Appeals, Div. A.

July 28, 1994.

No appearance for appellee.

Lamm, Freeman & Butler, L.L.C., Tom W. Lamm, Patrick D. Butler, Boulder, for appellant.

Callan & Willis, P.C., Kent B. Willis, Guardian Ad Litem for A.R.C.

Opinion by Chief Judge STERNBERG.

In this dissolution of marriage proceeding between Stephen John Bonifas (husband) and Laurine Kay Bonifas (wife), husband appeals an order that he pay child support for a minor child, A.R.C., who is neither his biological nor adoptive child. We affirm.

Prior to the birth of A.R.C., the biological parents signed and had notarized documents stating that they intended to relinquish the child to be born to them and that they would sign a "Consent to Adoption" and "Guardianship" form within one week following the birth of their child.

The Bonifases signed and had notarized a document that provided, in pertinent part:

> that they will assume full financial responsibility for a child, or children, which will be born to [biological mother] and [biological father] in June or July, 1981. Stephen John Bonifas and Laurine Kay Bonifas agree that from the time of the child's (or children's) birth, they will pay all bills relating to the care of the child (or children), including medical, dental, food, clothing, educational, and any and all other bills.

Shortly thereafter, A.R.C. was born. When the biological mother was released from the hospital, the biological parents gave the baby to the Bonifases in a parking lot outside of the hospital.

The biological parents had a change of heart a few months later and attempted to regain custody of the child, but were unsuc-

cessful. However, no further action was taken by the Bonifases to legalize the adoption.

For the next ten years, the Bonifases raised the child as their own, used their last name as hers, and in all respects conducted themselves as the child's *de facto* parents. In 1989, the Bonifases separated. This dissolution action was filed in March of 1992, and a decree was entered the following year.

At the conclusion of an evidentiary hearing, the trial court placed the child in the permanent custody of the wife and made findings of fact and conclusions of law. The court noted that, since the child's birth, the Bonifases had the financial responsibility for taking care of her and that both had assumed that financial responsibility. The court observed that no legal adoption had taken place, "but if ever there was an adoption de facto, this would be it."

The trial court further noted:

[A]lthough he may now have second thoughts about it, [husband] accepted full financial responsibility for the child.... He accepted that responsibility and continued with it until the time of separation between him and Mrs. Bonifas. He is to be commended for the acceptance of that responsibility; unfortunately, whatever has happened in the meantime may have tainted that relationship somewhat.

The court then found and determined:

[A]lthough ... [A.R.C.] is not a child born of the marriage, there is a contractual obligation similar to the situation which arises in cases where parties live together ... and so forth and have obligations to each other. In this instance, it is not just Mrs. Bonifas' responsibility to provide for the necessary finances to help raise [A.R.C.]; [the document signed by the Bonifases] does create a contractual obligation and [A.R.C.] is the third-party beneficiary of that contractual obligation, regardless of whether or not there has been a formal decree of adoption. The fact that Mr. Bonifas assumed that responsibility for a number of years is, in part, sufficient to allow the Court to order that that contractual obligation continue.

In arriving at the amount of support, the trial court referred to the child support guidelines governing domestic relations cases in calculating the amount of support for the child, but it did not consider them binding. The court also ordered that the respondent be responsible for paying one-half the premium for a health insurance policy for the child.

 On appeal, husband argues that, because there was no legal parent-child relationship between him and the child, there can be no duty to support under the child support statute. We agree with that contention. *See People in Interest of P.D.*, 41 Colo.App. 109, 580 P.2d 836 (1978). However, the basis of the order here was the document signed by both the wife and husband agreeing to support the child, not the child support statute. Contrary to husband's argument, that agreement is valid and does not become void for failure of consideration.

Husband received everything he bargained for when he agreed to support this child, *i.e.*, the physical custody of A.R.C., except that a legal adoption never took place. This partial failure of consideration based on the biological parents' failure to allow the adoption does not vitiate this agreement.

As stated in *Converse v. Zinke*, 635 P.2d 882, 887 (Colo.1981):

[A]n incomplete performance may not amount to a material failure which would fully excuse a duty to return performance, when the performance given may be considered an equivalent to the performance owed.

We note that the agreement itself makes no direct reference to adoption. Furthermore, the alleged failure of consideration concerning inability to adopt the child occurred some ten years earlier when the biological parents refused to consent to the adoption. Husband is tardy in asserting this failure as a basis for invalidating the agreement.

The dissolution of marriage between the Bonifases is what has led to husband being unable to reap the total benefit of raising the child; the fact that the adoption did not take place did not lead to this deprivation. And, in the decree of dissolution, liberal visitation

rights were awarded to husband. Thus, the partial failure of consideration is insufficient to excuse husband from performing under the agreement.

For these reasons, we agree with the conclusions of the trial court that there was a valid contract and that A.R.C. is a third-party beneficiary of that contract. *See E.B. Roberts Construction Co. v. Concrete Contractors, Inc.,* 704 P.2d 859 (Colo.1985).

The order is affirmed.

PIERCE and VAN CISE, JJ.,* concur.