25CA0121 Peo in Interest of OAA 07-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0121
Mesa County District Court No. 24JV70
Honorable Craig P. Henderson, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of O.A.A., a Child,

and Concerning J.P. a/k/a J.A.,

Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE BROWN
Dunn and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

---

Todd M. Starr, County Attorney, Brad Junge, Assistant County Attorney, Grand Junction, Colorado, for Appellee

Jenna L. Mazzucca, Guardian Ad Litem

Lindsey Parlin, Office of Respondent Parents' Council, Denver, Colorado, for Appellant

¶ 1     J.P. a/k/a J.A. (mother) appeals the judgment adjudicating O.A.A. (the child) dependent or neglected.  We affirm.

## I.     Background

¶ 2     The Mesa County Department of Human Services filed a petition in dependency or neglect because the newborn child tested positive for methamphetamine.  The Department placed the child with a foster family upon his discharge from the hospital.

¶ 3     Mother appeared for the shelter hearing where she agreed to continue the hearing.  She did not appear for any further proceedings.

¶ 4     Following a bench trial, the juvenile court adjudicated the child dependent or neglected under section 19-3-102(1)(b), (c), and (g), C.R.S. 2024.

## II.     Sufficiency of the Evidence

¶ 5     Mother contends that the evidence was insufficient to establish that the child was dependent or neglected.  We disagree.

### A.     Applicable Law and Standard of Review

¶ 6     The purpose of an adjudicatory trial is to determine whether the factual allegations in the dependency or neglect petition are supported by a preponderance of the evidence and whether the

1

status of the child warrants intrusive protective or corrective state intervention into the familial relationship. *People in Interest of G.E.S.*, 2016 COA 183, ¶ 13. A child may be adjudicated dependent or neglected if the government proves one or more of the conditions set forth in section 19-3-102. *People in Interest of S.M-L.*, 2016 COA 173, ¶ 25, *aff'd on other grounds sub nom People in Interest of R.S. v. G.S.*, 2018 CO 31. As relevant here, a child is dependent or neglected when (1) the child lacks proper parental care through the actions or omissions of the parent; (2) the child's environment is injurious to the child's welfare; or (3) the child is born affected by substance exposure and the child's health or welfare is threatened by substance use. § 19-3-102(1)(b), (c), and (g).

¶ 7     An adjudication of dependency or neglect must be based on existing circumstances and related to the child's status at the time of adjudication. *People in Interest of A.E.L.*, 181 P.3d 1186, 1192 (Colo. App. 2008). Adjudications "are not made as to the parents but, rather, relate only to the status of the child as of the date of the adjudication." *K.D. v. People*, 139 P.3d 695, 699 (Colo. 2006) (quoting *People in Interest of S.B.*, 742 P.2d 935, 939 (Colo. App. 1987)).

¶ 8    A child is not dependent or neglected if the parent has made appropriate arrangements for the child's care by a person who has a genuine interest in the child's welfare. *See Diernfeld v. People*, 323 P.2d 628, 631 (Colo. 1958). A child placed with relatives has "proper parental care when the parent sends gifts of clothing, money, food, household items, toys, and medical supplies to the child, and frequently visits and communicates with the child." *People in Interest of F.M.*, 609 P.2d 1123, 1125 (Colo. App. 1980) (citing *Jones v. Koulos*, 349 P.2d 704 (1960)).

¶ 9    In determining whether the evidence is sufficient to sustain an adjudication, we review the record in the light most favorable to the prevailing party and draw every inference fairly deducible from the evidence in favor of the court's decision. *People in Interest of S.G.L.*, 214 P.3d 580, 583 (Colo. App. 2009). Whether a child is dependent or neglected presents a mixed question of fact and law because it requires the application of evidentiary facts to statutory grounds. *People in Interest of M.M.*, 2017 COA 144, ¶ 17. Thus, we review the juvenile court's factual findings for clear error but review de novo the court's legal conclusions based on those facts. *People in Interest of S.R.N.J-S.*, 2020 COA 12, ¶ 10. We will not disturb the court's

findings and conclusions if the record supports them, even though reasonable people might arrive at different conclusions based on the same facts. *S.G.L.*, 214 P.3d at 583.

## B. Discussion

¶ 10    Mother argues that the evidence was insufficient to establish the statutory criteria for adjudication because she had a safety plan before the child's birth, which involved placement with maternal aunt. We disagree.

### 1. Lack of Proper Parental Care

¶ 11    The juvenile court found that the child lacked proper parental care because mother had no contact with the child since his birth, had made no attempts to parent the child, and had not communicated with the Department or maternal aunt. The record supports the court's findings.

¶ 12    The caseworker testified that the last time mother had contact with the child was the day he was born. The caseworker attempted to locate mother (1) through every address and phone number in the Colorado courts database; (2) by contacting her sister, attorney, and parent advocate; (3) by sending letters; and (4) by sending messages to mother's Facebook account. But the caseworker could

not locate mother and mother never reached out to the caseworker. The caseworker testified that mother had not engaged in the case, had not seen the child, had not asked about the child or his needs, and had not attended any of the child's doctor's appointments. And after the shelter hearing, mother did not appear for any further proceedings. As a result, the caseworker opined, mother knew nothing about the child's needs and the child lacked proper parental care.

¶ 13    To the extent mother contends that the juvenile court erred because the child would have had proper parental care had mother been allowed to enter into a safety plan which included placement of the child with maternal aunt, we are not persuaded. *See* § 19-3-309.5(3), C.R.S. 2024 (although available, nothing confers a right upon a person who is believed to be responsible for the abuse or neglect of a child to enter into a safety plan or requires a county department to offer one). The juvenile court considered evidence regarding mother's safety plan but found that the Department decided not to place the child with maternal aunt and that the Department's decision had previously been reviewed by the court.

¶ 14    The ongoing caseworker, who had been working with mother for two years on a previous dependency or neglect case, testified that maternal aunt was with mother at the hospital and that "they had a couple of different ideas floating around, but it didn't really seem like an actual plan in place."  And the emergency caseworker testified that she was not comfortable placing the child with maternal aunt because of "lack of engagement with [maternal aunt] and her husband in the previous case."  The Department attempted to conduct a home study with maternal aunt for the previous case, but the family did not complete it because the aunt's husband was concerned about "what would come back on his background check."  A new home study was initiated for this case but had not yet been completed.

¶ 15    Accordingly, the juvenile court heard evidence about mother's proposed plan to place the child with maternal aunt and was free to accord it the weight it felt appropriate.  Mother's argument essentially asks us to reweigh this evidence and find in her favor, which we cannot do.  *See People in Interest of K.L.W.*, 2021 COA 56, ¶ 62.  We conclude that the record supports the juvenile court's determination that the child lacked proper parental care.

## 2. Other Statutory Grounds

¶ 16 Mother also argues that the pediatrician's testimony was insufficient to establish that the child's health issues were related to substance exposure. But having concluded that sufficient evidence supports the juvenile court's determination that the child was dependent or neglected on one statutory ground, we need not address the remaining grounds. *S.M-L.*, ¶ 29 ("[S]ection 19-3-102 requires proof of only one condition for an adjudication.").

## III. Disposition

¶ 17 The judgment is affirmed.

JUDGE DUNN and JUDGE SCHOCK concur.